LEIDER + AYALA-BASS LLP
Philip A. Leider (Cal. Bar No. 229751)
philip@leiderlegal.com
Joren S. Ayala-Bass (Cal. Bar No. 208143)
joren@leiderlegal.com
One Market Street, Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: 415-215-8397
eFax: 510-350-9115

Attorneys for Plaintiff Ox Labs Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OX LABS INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BITPAY, INC., a Delaware Corporation, and Does 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR CONVERSION AND UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ox Labs Inc. ("Ox Labs" or "Plaintiff"), through its undersigned attorneys, brings this lawsuit against Defendant BitPay, Inc. ("BitPay" or "Defendant"). Unless otherwise stated, Ox Labs makes the following allegations upon personal knowledge. In order to remedy the harm arising from Defendant's illegal and unfair course of conduct, which has resulted in its unjust enrichment and monetary harm to Plaintiff, Plaintiff alleges as follows and respectfully prays that this Honorable Court order the relief sought herein.

## **PARTIES**

1. Plaintiff Ox Labs, Inc. is a California corporation with headquarters at 8839 S. Sepulveda Boulevard, Suite 102, Los Angeles, California, 90045.

2. Defendant BitPay, Inc. is a Delaware Corporation with headquarters at 8000 Avalon Boulevard, Suite 300, Fulton, Alpharetta, Georgia, 30009.

3. Defendants Does 1 through 10 are individuals or business entities that either directly participated in the wrongful acts or omissions alleged herein or aided and abetted BitPay in such acts or omissions. Plaintiff is currently unaware of the true names of the fictitiously named defendants, but it will move for leave to amend this Complaint to sue them by their true names if and when their true names become known.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, as alleged further herein, exceeds the jurisdictional minimum of $75,000.

5. This Court has specific personal jurisdiction over Defendant because the transaction at issue herein was negotiated and completed by Plaintiff in its California headquarters, Defendant was aware of the fact and intended that Plaintiff would suffer monetary harm in California as a result of its wrongful acts and omissions, and the monetary harm suffered by Plaintiff as a result of Defendant's wrongful acts occurred in California.

6. This Court also has general personal jurisdiction over Defendant because Defendant is registered with the Secretary of State to do business in California, maintains an agent for service of process in California, markets its services extensively to California-based individuals and businesses, and, upon information and belief, enters into hundreds of transactions annually with California-based individuals and businesses. Defendant's website states: "We are currently the largest bitcoin payment processor in the world, serving industry-leading merchants on six continents. We've created a seamless, secure bitcoin payment experience used daily by hundreds of thousands of bitcoin users." (See

<https://bitpay.com/about> visited Jan. 12, 2018.) As such, Defendant has sufficient contacts with California, and purposefully avails itself of the benefits of participation in the California marketplace sufficiently, to render the assumption of jurisdiction by this Honorable Court consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts or omissions on which the claims herein are based occurred in Los Angeles, California, the transaction at issue herein took place in Los Angeles, California, Plaintiff is a resident of Los Angeles, California, and Plaintiff suffered the harm alleged herein in Los Angeles, California.

## FACTUAL ALLEGATIONS

8. Ox Labs, through a wholly-owned subsidiary, provides an advanced trading platform for professionals to exchange cryptocurrency, including but not limited to bitcoin.

9. Ox Labs's customers, which include businesses and advanced traders, can open an account through Ox Lab's subsidiary to buy and sell cryptocurrencies, review industry analytics and reports, monitor market prices and conditions, and receive many other benefits.

10. BitPay advertises itself as "the largest bitcoin payment processor in the world, serving industry-leading merchants on six continents." (See <https://bitpay.com/about> visited Jan. 12, 2018.)

11. On or about July 10, 2015, BitPay deposited 1,100 bitcoin across several transactions for trading with Ox Labs.

12. At the conclusion of the deposit transactions, Ox Labs inadvertently credited BitPay with 1,300 bitcoin rather than 1,100 bitcoin.

13. At all times relevant herein, BitPay was aware that it had been over-credited 200 bitcoin but did not inform Ox Labs of the error. To the contrary,

BitPay immediately withdrew the additional 200 bitcoin in an attempt to conceal the error from Ox Labs.

14. Upon information and belief, BitPay subsequently sold the 200 bitcoin and kept the proceeds therefrom.

15. On or about February 16, 2017, in connection with an account reconciliation process, Ox Labs learned that it had wrongly over-credited the 200 bitcoin to BitPay and that BitPay had subsequently removed it from the Ox Labs platform. Ox Labs was previously unaware of the error and in the exercise of reasonable diligence had no reason to discover the error.

16. When notified of the error, BitPay acknowledged that it was not entitled to keep the 200 additional bitcoin it had received, but BitPay refused to return the 200 bitcoin to Ox Labs. Instead BitPay offered to pay a nominal sum that in no way reflected the value of the bitcoin it had wrongfully kept and sold for its own gain.

17. On or about August 1, 2017, the bitcoin network underwent a "hard fork" which resulted in anyone holding a bitcoin now also possessing a new digital asset – "Bitcoin Cash" on a 1:1 ratio.

18. On or about October 24, 2017, the bitcoin network underwent another "hard fork" which resulted in anyone holding a bitcoin now also possessing a new digital asset – "Bitcoin Gold" on a 1:1 ratio.

19. The value of 200 bitcoin traded on the date this Complaint is filed exceeds $1.29 million USD.

20. The value of 200 bitcoin cash traded on the date this Complaint is filed exceeds $144,000 USD.

21. The value of 200 bitcoin gold traded on the date this Complaint is filed exceeds $6,000 USD.

22. The parties' subsequent attempts to resolve this dispute informally

-4-
COMPLAINT FOR CONVERSION AND UNJUST ENRICHMENT
Case No.

have proven unsuccessful, and this lawsuit now follows.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Conversion)

23. Plaintiff incorporates each allegation as set forth above.

24. Defendant has wrongfully exercised dominion over 200 bitcoin belonging to Ox Labs.

25. Ox Labs owns and has the right to possess the 200 bitcoin wrongfully withheld by Defendant.

26. Defendant's withholding and sale of the 200 bitcoin and its refusal to return 200 bitcoin to Ox Labs are wrongful acts or omissions.

27. As a proximate result of Defendant's wrongful acts and omissions, Ox Labs has been damaged in an amount to be determined according to proof.

### SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

28. Plaintiff incorporates each allegation as set forth above.

29. Defendant has wrongfully acquired 200 bitcoin belonging to Ox Labs.

30. Defendant's retention of the 200 bitcoin belonging to Ox Labs would unjustly enrich Defendant.

31. Common law principles and equity dictate that Defendant restore 200 bitcoin to Ox Labs.

## PRAYER FOR RELIEF

32. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For an order requiring Defendant to restore 200 bitcoin to Ox Labs;

B. For an order requiring Defendant to provide 200 bitcoin cash to Ox Labs;

C. For an order requiring Defendant to provide 200 bitcoin gold to Ox Labs;

D. For an order awarding Ox Labs pre-and post-judgment interest;

E. For an order awarding Ox Labs its costs of suit; and

F. For an order providing such further relief as this Court deems just and proper.

Dated: July 6, 2018
Respectfully Submitted,

LEIDER + AYALA-BASS LLP

By: */s/ Philip. A. Leider*
Philip A. Leider

Attorneys for Ox Labs Inc.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: July 6, 2018
LEIDER + AYALA-BASS LLP

By: */s/ Philip. A. Leider*
Philip A. Leider

Attorneys for Ox Labs Inc.