LEIDER + AYALA-BASS LLP
Philip A. Leider (SBN 229751)
philip@leiderlegal.com
Joren S. Ayala-Bass (SBN 208143)
joren@leiderlegal.com
One Market Street, Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: 415-215-8397
eFax: 510-350-9115

Attorneys for Plaintiff Ox Labs Inc.

| RUSS, AUGUST & KABAT | MORRIS, MANNING & MARTIN, L.L.P. |
|---|---|
| Benjamin T. Wang (SBN 228712) | Lawrence H. Kunin, Esq. (*pro hac vice*) |
| bwang@raklaw.com | 1600 Atlanta Financial Center |
| James S. Tsuei (SBN 285530) | 3343 Peachtree Road, N.E. |
| jtsuei@raklaw.com | Atlanta, Georgia 30326 |
| 12424 Wilshire Boulevard, 12th Floor | Telephone: (404) 233-7000 |
| Los Angeles, California 90025 | Facsimile: (404) 365-9532 |
| Telephone: (310) 826-7474 | |
| Facsimile: (310) 826-6991 | |

Attorneys for Defendant Bitpay, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OX LABS INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BITPAY, INC., a Delaware Corporation, and Does 1-10,<br><br>Defendants. | Case No. CV 18-5934-MWF(KSx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: December 17, 2018<br>Time: 11:00 a.m.<br>Courtroom: 5A |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Scheduling Conference, Plaintiff Ox Labs, Inc. and Defendant Bitpay, Inc. submit this Joint Rule 26(f) Report.

### a. **Statement of the Case:**

Bitcoin is a digital form of currency (*i.e.*, a cryptocurrency) that can be purchased, traded, and used online, and its price at any given time is determined by the exchange on which it is bought and sold. Because bitcoin's price is determined by supply and demand, as with stocks on a stock exchange, there is inherent price volatility. Plaintiff's wholly-owned subsidiary, SFOX, is a trading hub for institutional investors and certain individuals and family offices that facilitates high-volume cryptocurrency trades through its integrations with different exchanges. Defendant is a bitcoin payment processor that helps merchants accept customers' payments for goods and services with bitcoin rather than traditional payment methods like cash and credit cards.

In July 2015, Defendant made several transactions on Plaintiff's platform depositing a total of 1,100 bitcoin. Plaintiff inadvertently credited Defendant with 1,300 bitcoin instead of 1,100. Part of the dispute involves whether Defendant knew that it was over-credited, knowingly withdrew the additional 200 bitcoin, and concealed such fact from Plaintiff. Defendant thereafter sold the bitcoin and retained the profit.

In February 2017, as part of a reconciliation process, the parties learned that Plaintiff had over-credited the 200 bitcoin. Defendant acknowledged it was over-credited, tendered payment for the profit it earned, but Plaintiff alleges that it is entitled to return of the 200 bitcoin.

In addition, in August and October 2017, bitcoin underwent "hard forks," which meant anyone holding a bitcoin was given bitcoin Cash and bitcoin Gold on a 1:1 ratio. The 200 bitcoin that Bitpay took from Plaintiff thus actually became

200 bitcoin, 200 bitcoin Cash, *and* 200 bitcoin Gold. At the time Plaintiff filed this lawsuit, the total price of these cryptocurrencies was approximately $1,450,000 on crypto exchanges.

Additional Statement by Plaintiff:

Defendant acquired and wrongfully kept 200 bitcoin that belonged to Plaintiff. Defendant knew and failed to tell Plaintiff that it acquired Plaintiff's bitcoin, and instead of returning the bitcoin, sold it and kept the proceeds. Plaintiff discovered the error for the first time during an account reconciliation process. Plaintiff has repeatedly asked for the return of its bitcoin, bitcoin cash, and bitcoin gold, but Defendant has refused to return such bitcoin. The price of bitcoin in 2015 when the over-credit occurred fluctuated between $200-500 per bitcoin. In February 2017, bitcoin was selling for approximately $1,000. Near the end of December 2017, each Bitcoin was selling for $20,000. In total, at the end of 2017, the bitcoin, bitcoin cash, and bitcoin gold that Defendant refused to return was worth nearly $4.9 million.

Additional Statement by Defendant:

It was Defendant that discovered the 200 bitcoin credit error and brought it to Plaintiff's attention in February 2017. The 200 bitcoin, however, were electronically traded without knowing about the error shortly after Plaintiff's own error, netting a profit to Defendant of $57,216.55. Although the error was undeniably Plaintiff's error, Defendant unconditionally tendered this amount to Plaintiff via a check. Defendant believes that the price of bitcoin on any other date is irrelevant.

    **b.**     **Subject Matter Jurisdiction:**

The parties agree that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in

-3-

controversy, as alleged further herein, exceeds the jurisdictional minimum of $75,000.

    **c.**    **Legal Issues:**

1. Whether Defendant is liable for conversion for wrongfully exercising dominion over and refusing to return the 200 bitcoin to Plaintiff.
2. Whether Defendant has been unjustly enriched by acquiring and refusing to return the 200 bitcoin to Plaintiff and whether equity dictates the bitcoin should be returned to Plaintiff.
3. If there was a wrongful conversion or unjust enrichment, the proper measure of damages.
4. Whether the statute of limitations has expired.

    **d.**    **Parties, Evidence, etc.:**

Plaintiff - Ox Labs Inc. (its wholly-owned subsidiary is SFOX)

Defendant - Bitpay, Inc.

Percipient Witnesses – Akbar Thobhani (CEO, SFOX); George Melika (CTO, SFOX); Richard Gaston (VP Data Management, SFOX); Bryan Krohn (CFO, Bitpay); Tony Gallippi (CEO, Bitpay); Kirstie Getch (Controller, Bitpay); Patrick Nagurny (Software Engineer, Bitpay), Bitpay auditors, SFOX auditors.

    Categories of Key Documents – Communications between SFOX and Bitpay; communications within Bitpay; bitcoin price indices; Bitpay financial statements; documents on cryptocurrencies, valuation, hard forks, nature of cryptocurrencies; the parties' respective audit policies and records.

    **e.**    **Damages:**

Plaintiff:

Plaintiff's requested remedy is the return of its 200 bitcoin, 200 bitcoin Cash, and 200 bitcoin Gold. If Defendant had returned Plaintiff's bitcoin when Plaintiff

requested its return, Plaintiff could have sold the bitcoin, bitcoin Cash, and bitcoin Gold for upwards of $4,900,000 in 2017.

Defendant:

Defendant's position is that even if there was a wrongful taking, which was due to Plaintiff's error, the measure of damage is the value of the taking at the time, *i.e.*, Defendant's profit at the time, which was already unconditionally tendered via check to Plaintiff.

**f.     Insurance:**

Not applicable.

**g.     Motions:**

The case is at issue.  The parties do not currently anticipate motion practice to add new parties to the case.  The parties intend to file dispositive motions.

**h.     Manual for Complex Litigation:**

The parties agree that this case does not constitute complex litigation and there is no need to use the Manual for Complex Litigation.

**i.     Status of Discovery:**

The parties will have exchanged initial disclosures before the Scheduling Conference and anticipate propounding other forms of discovery soon thereafter.

**j.     Discovery Plan:**

The parties will have made initial disclosures at the time of the Scheduling Conference without any changes to Rule 26(a) requirements.  The parties do not believe discovery should be conducted in phases or be limited to particular issues. The parties intend to enter into a stipulated protective order governing confidential information and potentially a stipulated protective order governing discovery of electronically stored information, if it appears ESI issues will arise. The parties also intend to seek a Rule 502(d) order protecting the inadvertent disclosure of privileged information.

The parties will propound written discovery requests and deposition notices related to the claims and defenses in this matter, including but not limited to the Defendant's credit of 200 bitcoin, Defendant's sale of such bitcoin, the value of the bitcoin, bitcoin Gold, and bitcoin Cash, and the circumstances of the discovery of the error and the parties' conduct thereafter. The parties do not believe that applicable discovery rules or limitations need to be changed or limitations imposed in this case.

  **k.**   **Discovery Cut-off:**

Plaintiff:

Plaintiff proposes a discovery cut-off date of October 4, 2019.

Defendant:

Defendant proposes a discovery cut-off date of May 3, 2019.

  **l.**   **Expert Discovery:**

Plaintiff:

  Expert Witness Initial Disclosures: September 13, 2019

  Expert Witness Rebuttals: October 11, 2019

  Expert Discovery Cutoff: November 1, 2019

Defendant:

  Expert Witness Initial Disclosures: March 8, 2019

  Expert Witness Rebuttals: April 12, 2019

  Expert Discovery Cutoff: May 30, 2019

  **m.**   **Dispositive Motions:**

The parties anticipate that this action may be resolved entirely by cross-motions for summary judgment.

  **n.**   **Settlement/Alternative Dispute Resolution (ADR):**

The parties engaged in pre-litigation settlement negotiations but Defendant did not accept Plaintiff's settlement terms. The parties desire a settlement

conference with the assigned magistrate judge.

**o.   Trial Estimate:**

Plaintiff:

Plaintiff estimates 3-5 court days for trial and has demanded a jury trial. Plaintiff estimates calling 4-6 witnesses. The conversion cause of action will be decided by a jury. The unjust enrichment cause of action is equitable in nature will be decided by the Court.

Defendant:

Defendant estimates a 2-3 court days for trial. To the extent there remains a question of fact, the conversion claim will be decided by a jury. Defendant believes that unjust enrichment is an equitable remedy, not an available cause of action, but any issue related thereto will be decided by the Court.

**p.   Trial Counsel:**

Plaintiff's Attorneys:

    Philip Leider (Leider + Ayala-Bass LLP)

    Joren Ayala-Bass (Leider + Ayala-Bass LLP)

    Anahit Samarjian (Leider + Ayala-Bass LLP)

Defendant's Attorneys:

    Lawrence H. Kunin (Morris, Manning & Martin, LLP)

    Benjamin T. Wang (Russ, August & Kabat)

    James S. Tsuei (Russ, August & Kabat).

**q.   Independent Expert or Master:**

The parties agree this is not a case where the Court should consider appointing an independent expert or master. The parties may use their own experts.

**r.   Timetable:**

The parties have completed Exhibit A to this order.

**s. Other issues:**

The parties do not foresee other issues at this time.

Dated: December 3, 2018    Respectfully Submitted,

LEIDER + AYALA-BASS LLP

By:   */s/ Philip A. Leider*
      Philip A. Leider

Attorneys for Plaintiff Ox Labs Inc.

RUSS, AUGUST & KABAT

By:   */s/ Benjamin T. Wang*
      Benjamin T. Wang

Attorneys for Defendant Bitpay, Inc.

## SIGNATURE ATTESTATION

I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 3, 2018    By:   */s/ Philip A. Leider*
                                 Philip A. Leider

### JUDGE MICHAEL W. FITZGERALD
### SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | CV 18-5934-MWF(KSx) |
|---|---|
| Case Name | Ox Labs Inc. v. Bitpay, Inc. et al. |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [X] Jury Trial  or  [ ] Court Trial **(Tuesday at 8:30 a.m.)**  Duration Estimate: 3-5 Days | 02/25/2020 | 09/09/19 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- three (3) weeks before trial date)** Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | 02/03/2020 | 08/19/19 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 07/15/2019 | 02/15/19 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 10/04/2019 | 05/03/19 | |
| Expert Disclosure (Initial) | | 09/13/2019 | 03/08/19 | |
| Expert Disclosure (Rebuttal) | | 10/11/2019 | 04/12/19 | |
| Expert Discovery Cut-Off | 14 * | 11/01/2019 | 05/30/19 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 11/04/2019 | 06/03/19 | |
| Last Date to Conduct Settlement Conference | 12 | 11/18/2019 | 06/17/19 | |
| For Jury Trial<br>♦ File Memorandum of Contentions of Fact and Law, LR 16-4<br>♦ File Exhibit and Witness Lists, LR 16-5.6<br>♦ File Status Report Regarding Settlement<br>♦ File Motions *In Limine* | 6 | 01/10/2020 | 07/29/19 | |
| For Jury Trial<br>♦ Lodge Pretrial Conference Order, LR 16-7<br>♦ File Agreed Set of Jury Instructions and Verdict Forms<br>♦ File Statement Regarding Disputed Instructions, Verdicts, etc.<br>♦ File Oppositions to Motions *In LImine* | 5 | 01/17/2020 | 08/05/19 | |
| For Court Trial<br>♦ Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Testimony | 3 | 01/31/2020 | 08/16/19 | |

\* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel    ☐ Private Mediation    X **Magistrate Judge (with Court approval)**

-9-

JOINT RULE 26(f) REPORT
Case No. CV 18-5934-MWF(KSx)

## CERTIFICATE OF SERVICE

I certify that counsel of records in this case have consented to electronic service and are being served with a copy of this document via the Court's CM-ECF system pursuant to Civil Local Rule 5-3. Unless governed by Federal Rule of Civil Procedure 4 or Local Rule 79-5.3, the NEF constitutes proof of service of individuals served in this manner.

Dated: December 3, 2018                    By: */s/ Philip. A. Leider*
                                                    Philip A. Leider
                                                Attorneys for Ox Labs Inc.

-10-
JOINT RULE 26(f) REPORT
Case No. CV 18-5934-MWF(KSx)