UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 18-5934-MWF (KSx) | **Date:** September 27, 2019 |
| **Title:** Ox Labs, Inc. v. Bitpay, Inc., et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER RE: DEFENDANT BITPAY, INC.'S MOTION FOR SUMMARY JUDGMENT [28]

Before the Court is Defendant Bitpay, Inc.'s Motion for Summary Judgment (the "Motion"), filed on August 12, 2019. (Docket No. 28). On August 19, 2019, Plaintiff Ox Labs, Inc. filed an Opposition. (Docket No. 31). Defendant filed a Reply on August 26, 2019. (Docket No. 33).

The Court has read and considered the papers filed on the Motion and held a hearing on September 9, 2019.

For the reasons discussed below, the Motion is **DENIED** as follows:

- Defendant's Motion is **DENIED** as to the conversion claim. Although Defendant will likely be able to establish that the proper measure of damages is the value of 200 Bitcoins on the day of the alleged conversion, *i.e.*, July 10, 2015, the parties have not briefed whether this determination is made as a matter of law or as a matter of fact. Moreover, there are factual disputes as to the daily market value of 200 Bitcoins on July 10, 2015, the amount of interest that has accrued since July 10, 2015, and the amount of fair compensation Plaintiff is entitled to for the time and money it properly expended in pursuit of the property.

- Defendant's Motion is **DENIED** as to the unjust enrichment claim. There are outstanding questions as to whether Defendant has retained any

**CIVIL MINUTES—GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 18-5934-MWF (KSx) | **Date:**  September 27, 2019 |
| **Title:**     Ox Labs, Inc. v. Bitpay, Inc., et al. | |

benefit beyond the $57,216.55 it offered to Plaintiff, and if so, whether Plaintiff is entitled to the putative hard fork benefits.

Understandably enough, the parties briefed this Motion as resolving whether there should be a trial at all.  From the Court's viewpoint, several specific issues necessarily must be resolved before trial.  Before or at the Final Pretrial Conference, the following issues must be resolved.  For the conversion claim: (1) whether the application of the alternative damages provision under California Civil Code § 3336 is decided as a matter of law or fact; and (2) if a matter of law, what the right answer is.  For the unjust enrichment claim: (1) whether Plaintiff's putative right to the hard fork benefits is decided as a matter of law or fact; (2) if a matter of law, what the right answer is; and (3) if a matter of fact, by what criteria would the jury determine this issue.

## I.    BACKGROUND

Plaintiff commenced this action against Defendant on July 6, 2018. (Complaint (Docket No. 1)).  Plaintiff brings two claims for relief: (1) conversion and (2) unjust enrichment.  (*Id.* ¶¶ 23-31).

The following facts are based on the evidence, as viewed in the light most favorable to Plaintiff, the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Plaintiff Ox Labs, Inc. has a wholly owned subsidiary called San Francisco Open Exchange ("SFOX"), which is a transaction arm of Plaintiff.  (Plaintiff's Statement of Genuine Disputes of Material Facts and Conclusions of Law and Additional Material Facts ("SGI") Nos. 1, 17, 19 (Docket No. 31-1)).  Plaintiff, through SFOX, provides an advanced trading platform to exchange cryptocurrency, including Bitcoin.  (*Id.* No. 1).

Defendant BitPay, Inc. is in the business of enabling businesses to accept Bitcoins for online payments.  (*Id.* No. 2).  As part of its internal operations, Defendant purchases and sells Bitcoins on a daily and ongoing basis.  (*Id.* No. 3).  Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 18-5934-MWF (KSx) | **Date:** September 27, 2019 |
| **Title:** Ox Labs, Inc. v. Bitpay, Inc., et al. | |

operations require possessing an account and making Bitcoin trades on Plaintiff's SFOX platform on a daily and ongoing basis. (*Id.*).

Defendant makes Bitcoin deposits to the exchanges such as SFOX throughout the day as Defendant accumulates Bitcoins through its regular services. (*Id.* No. 10). Orders to sell Bitcoin for cash are placed throughout the day, but they are asynchronous and not connected to the deposits. (*Id.* at 11). Sell orders are typically based on market activity and liquidity. (*Id.*). Defendant would both let deposits accumulate at the exchange for several hours or days (if the market was not good for selling) and also make many sales during the day. (*Id.*).

On or about July 10, 2015, Defendant deposited 1,100 Bitcoins with Plaintiff across several transactions. (*Id.* No. 4). At the conclusion of the deposit transactions, Plaintiff, through its subsidiary SFOX, inadvertently credited Defendant with 200 additional Bitcoins. (*Id.* No. 6).

Sometime in late 2016, Plaintiff reviewed its documents and realized approximately 200 Bitcoins were missing. (*Id.* No. 21). Plaintiff conducted an investigation but could not locate the source of the missing Bitcoins. (*Id.*).

In February 2017, an employee of Defendant identified that SFOX erroneously deposited an extra 200 Bitcoins in Defendant's account on July 10, 2015. (*Id.* No. 7). She discovered the apparent error in February 2017, while reconciling Defendant's exchange and wallet balances as part of an internal accounting review. (*Id.*). She reported the apparent error to her superiors. (*Id.*). That same month, Defendant notified Plaintiff that it had found an error in its accounting records and that Defendant had been over-credited by 200 Bitcoins. (*Id.* No. 22). There is no evidence that either Plaintiff or Defendant had knowledge of the error prior to February 2017. (*Id.* Nos. 9, 22).

The transaction record from SFOX's platform reflects that on July 10, 2015 at 17:46, there were two deposits of 100 Bitcoins each. (*Id.* No. 12). These deposits are the 200 Bitcoins that SFOX erroneously credited to Plaintiff. (*Id.*). The transaction record also reveals sales of two sales of 100 Bitcoins by Defendants later that day.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 18-5934-MWF (KSx) | **Date:** September 27, 2019 |
| **Title:** Ox Labs, Inc. v. Bitpay, Inc., et al. | |

(*Id.*). Given the ongoing buy-sell nature of Bitcoins, it is not possible to trace the 200 Bitcoins to any particular transaction. (*Id.* No. 16).

Nonetheless, Defendant points to two sales of 100 Bitcoin each that it made on July 10, 2015 at 23:58 and 23:59, netting proceeds of $28,603.45 and $28,613.11 respectively, for a total of $57,216.56. (*Id.* No. 12). Excluding the fees, the net proceeds for the 200 Bitcoins were $57,030.59. (*Id.*). Plaintiff does not dispute the proceeds for these two sales, but argues that there is no evidence showing which of Defendant's sales or trades were sales or trades of the 200 particular Bitcoins that were over-credited. (*Id.* Nos. 12, 24). Plaintiff further argues that the transaction record shows that Defendant made many sales of various amounts of Bitcoins in the hours and days following the crediting error at different prices. (*Id.* No. 24).

On July 12, 2017, Defendant, through counsel, sent counsel for Plaintiff a check payable to SFOX in the amount of $57,216.55. (*Id.* No. 17). Plaintiff did not accept that offer of settlement. (Opp. at 10).

The price of Bitcoins has increased significantly since July 2015. In July 2015, the value was at about $260-$300 per Bitcoin on the markets. (SGI No. 26). In February 2017, the value was at about $1,050.02 per Bitcoin. (*Id.*). At the time Plaintiff filed the Complaint on July 6, 2018, the value was $6,623.64 per Bitcoin. (*Id.* No. 27).

In addition, in August 2017 and October 2017, any person who possessed Bitcoin was subject to two "hard forks," during which possessors of Bitcoin also received the same number of new virtual currencies called Bitcoin Cash and Bitcoin Gold. (*Id.* No. 29). As a result, if a person had 200 Bitcoins in August 2017 and October 2017, they were also given 200 Bitcoin Gold and 200 Bitcoin Cash after the forks. (*Id.*). In addition, on November 15, 2018, Bitcoin Cash itself forked into Bitcoin SV. (*Id.* No. 31). As a result, the owner of 200 Bitcoin Cash on November 15, 2018, also received 200 Bitcoin SV. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-5934-MWF (KSx)           Date:  September 27, 2019
Title:     Ox Labs, Inc. v. Bitpay, Inc., et al.

## II. **LEGAL STANDARD**

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson*, 477 U.S. 242; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). "A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50.

"When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 18-5934-MWF (KSx) | Date:  September 27, 2019 |
| Title:     Ox Labs, Inc. v. Bitpay, Inc., et al. | |

*South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

### III.  DISCUSSION

#### A.  Real Party in Interest

As a preliminary matter, Defendant argues that Plaintiff "has failed to state a claim as it is not the proper party in interest." (Mot. at 5). Because Plaintiff's subsidiary, SFOX, was the entity that erroneously credited Defendant, Defendant argues that SFOX is the real party in interest. (*Id.*).

In response, Plaintiff argues that the Court should decline to consider this argument because Defendant did not "cite any legal authority in support of its argument." (Opp. at 14). Plaintiff further argues that Defendant's argument fails on the merits because SFOX is its fully-owned subsidiary of Plaintiff, and at all times since the crediting error, Plaintiff has been the entity that communicated with Defendant regarding the error. (*Id.* at 14-15). Finally, Plaintiff requests that the Court grant leave to amend the Complaint to allow SFOX to assert the claims if the Court decides that this action should have been brought by SFOX. (*Id.* at 15).

Neither party has provided any case authority regarding when a parent company may or may not file an action on behalf of its wholly owned subsidiary. Although Defendant identifies one case in its Reply, *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litigation*, that case examined New York law. No. 2:11-ML-02265-MRP, 2014 WL 3529677, at *2 (C.D. Cal. July 14, 2014)). For purposes of this Motion, Defendant has failed to establish a lack of standing, and therefore the Court will reach the merits. However, standing is jurisdictional and has to be resolved. The Court directs the parties to meet and confer on how SFOX will be added to this action to resolve the issue. As indicated at the hearing, the Court encourages the parties to work together to ensure that the proper party is added to the action to address standing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 18-5934-MWF (KSx) | Date:  September 27, 2019 |
| Title:       Ox Labs, Inc. v. Bitpay, Inc., et al. | |

### B. Statute of Limitations

#### 1. Conversion

Plaintiff brought this action more than two years after it inadvertently credited 200 Bitcoins to Defendant.  Defendant argues that Plaintiff's conversion claim is subject to a two-year statute of limitations, and thus, is barred.  On the other hand, Plaintiff argues that its claim is subject to a three-year statute of limitations, and thus, is not barred.

The statute of limitations for a claim for conversion is generally three years.  Cal. Code Civ. Proc. § 338(c).  However, conversion of intangible property is governed by a two-year statute of limitations.  *Id.* § 339; *see OC Kickboxing & Mixed Martial Arts, Inc. v. Warrior Arts All., Inc.*, No. SACV 19-0004-DOC(DFMx), 2019 WL 3210093, at *4 (C.D. Cal. May 3, 2019).

Whether Bitcoin is tangible or intangible property for the purposes of conversion is unclear.  (Mot. at 5; Opp. at 4).  Neither party has identified any cases or other authorities that squarely address the question.  (*Id.*).  Nonetheless, Defendant argues that it is intangible property because it cannot be physically held in any form.  (Mot. at 6).  In response, Plaintiff argues that Bitcoin's nature is more complex.  (Opp. at 5).  For example, Plaintiff argues that Bitcoins "can only be possessed and accessed via tangible hardware (*i.e.*, mobile phones, laptop computers, etc.) because there is no other way to access a digital wallet containing Bitcoins."  (*Id.*).

The Court need not determine this question about the nature of Bitcoin, however, because there is a genuine dispute as to whether and how long the limitations period has been tolled due to Plaintiff's belated discovery of the mistake.  Under the discovery rule, the accrual of a cause of action is postponed "until the plaintiff discovers, or has reason to discover the cause of action."  *Fed. Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 349-50, 84 Cal. Rptr. 3d 38 (2008) (internal quotation marks and citations omitted); Cal. Code Civ. Proc. § 338.  For the tolling provision to apply, "the plaintiff must affirmatively excuse his failure to discover the fraud [or mistake] . . . by establishing facts showing that he was not negligent in failing to make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 18-5934-MWF (KSx) | Date:  September 27, 2019 |
| Title:      Ox Labs, Inc. v. Bitpay, Inc., et al. | |

the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Sun 'n Sand, Inc. v. United California Bank*, 21 Cal. 3d 671, 701–02, 148 Cal. Rptr. 329 (1978).

Here, Defendant argues that the discovery rule should not apply because the error at issue was Plaintiff's own error. (Mot. at 6). However, based on the record, it is unclear whether Plaintiff was negligent or if it had inquiry notice prior to February 2017. For example, there is no evidence regarding the type of monitoring Plaintiff conducts on a regular basis, and whether such monitoring is sufficient. There is no evidence that explains why Plaintiff failed to notice the missing 200 Bitcoins before late 2016. There is also no evidence that explains why Plaintiff did not discover that it over-credited Defendant in late 2016. Finally, the parties do not clarify when in "late 2016" Plaintiff discovered the error, and whether this date precedes July 6, 2016 – two years before Plaintiff brought this instant action. Based on this record, the Court cannot determine whether Plaintiff was negligent in failing to make its discovery sooner.

Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that the discovery rule applies and that it has tolled the statute of limitations until February 2017, when Plaintiff actually became aware of the mistake. Plaintiff brought this action on July 6, 2018. Accordingly, the conversion claim is not time-barred under either the two-year or three-year statute of limitations.

At the Final Pretrial Conference, we will need to determine whether the two- or three-year limitations period applies, so the jury can properly be instructed.

### 2.  Unjust Enrichment

The discovery rule applies for a claim for unjust enrichment. *See Federal Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 350, 84 Cal. Rptr. 3d 38 (2008) ("The Legislature has expressly provided for application of the discovery rule to causes of action based on mistake, such as Bank's unjust enrichment cause of action in this case."). Therefore, viewing the evidence in the light most favorable to Plaintiff, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 18-5934-MWF (KSx) | **Date:**  September 27, 2019 |
| **Title:**      Ox Labs, Inc. v. Bitpay, Inc., et al. | |

Court similarly concludes that the unjust enrichment claim did not start accruing until February 2017, and thus, is not time-barred.

### C. Conversion

The parties primarily dispute the amount of damages that Plaintiff is entitled to under the conversion claim.

#### 1. Measure of Damages Under Section 3336

Pursuant to California Civil Code section 3336, a plaintiff in an action for conversion may recover either (1) the value of the property at the time of conversion, with interest from that time, or (2) "an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted." Cal. Civ. Code § 3336. In addition to either of the above, a plaintiff may also receive a fair compensation for the time and money properly expended in pursuit of the property. *Id*.

"[T]he first and specific statutory alternative—the value with interest—is the typical measure [of damages]." *Krueger v. Bank of Am.*, 145 Cal. App. 3d 204, 215, 193 Cal. Rptr. 322 (1983) (internal quotation marks and citation omitted). "The determination of damages under the alternative provision of section 3336 is resorted to only where the determination on the basis of value at the time of conversion would be manifestly unjust." *Myers v. Stephens*, 233 Cal. App. 2d 104, 116, 43 Cal. Rptr. 420 (1965)). "A plaintiff seeking recovery under the alternative provision of the statute must therefore plead and prove the existence of special circumstances which require a different measure of damages to be applied." *Krueger*, 145 Cal. App. 3d at 215 (internal quotation marks and citation omitted).

Defendant argues that the presumptive measure – the value of 200 Bitcoins at the time of conversion – should apply here. (Mot. at 7). Plaintiff, however, argues that the alternative measure should be used. Specifically, Plaintiff argues that it is entitled

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 18-5934-MWF (KSx) | **Date:** September 27, 2019 |
| **Title:** Ox Labs, Inc. v. Bitpay, Inc., et al. | |

to 200 Bitcoins as well as 200 Bitcoin Gold and 200 Bitcoin Cash that Defendant received from hard forks. (Opp. at 13).

Neither party provides a conclusive argument. Plaintiff does not provide legal arguments, based on case law, that these are "special circumstances" that require the alternative measure of damages to be applied. Instead, Plaintiff simply asserts that it would be manifestly unjust for Defendant to retain the 200 Bitcoins because the value of Bitcoins has increased significantly since the date of conversion. (Opp. at 13). Likewise, Defendant does not make any legal arguments about why the alternative valuation in the statute does not apply here.

Although there are some factual dissimilarities, *Krueger* is instructive. There, the plaintiffs sought the return of stock shares, which had gone up in value since the date of conversion. 145 Cal. App. 3d at 215. The trial court rejected the plaintiff's argument and limited the recovery to the value of the stock at the time of conversion, plus interest. *Id.* In affirming the trial court's ruling, the California Court of Appeal noted that the crucial finding in making this determination is that the plaintiff "failed to establish the existence of special circumstances sufficient to invoke the alternative provisions of section 3336." *Id.* at 216.

There is a crucial difference between *Krueger* and this action: the evidence in *Krueger* indisputably showed that the bank sold the shares in question. *Id.* at 209. Here, it is unclear whether and when Defendant sold Plaintiff's Bitcoins. (SGI No. 16). But *Krueger* does confirm that Plaintiff is not entitled to the value of the increase value in the Bitcoins absent special circumstances. *See id.* at 216; *see also Bank of Stockton v. Verizon Communic'ns, Inc.*, 375 Fed. Appx. 746, 747 (9th Cir. 2010) (limiting the plaintiff's damages to the price of stock shares at the time of alleged escheatment because the plaintiff "failed to mitigate any loss it did incur by repurchasing its escheated stock with the proceeds of the Controller's sale or by taking other steps in mitigation after [the defendant] declined to reverse the unauthorized stock transfer.").

The Court doubts that Plaintiff could ever establish that use of the alternative valuation is justified. Regardless of Plaintiff's precise culpability for limitations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 18-5934-MWF (KSx) | **Date:** September 27, 2019 |
| **Title:** Ox Labs, Inc. v. Bitpay, Inc., et al. | |

purposes, the error here was caused by Plaintiff, who accidentally over-credited Defendant with 200 Bitcoins. Moreover, it was Defendant who discovered the error and offered to return the cash value of the 200 Bitcoins based on sale price of 200 Bitcoins later that day.

Nonetheless, because the parties have not established whether the appropriate measure of damages is determined as a matter of law or fact, the Court does not reach that decision. For now, it is sufficient that Defendant's claim for summary judgment on the conversion claim *in toto* must be denied because of the disputes on the value of the Bitcoins.

### 2. Value of Bitcoins at the Time of Conversion

Even if the damages are limited to the value of property at the time of conversion, Plaintiff argues that there are factual disputes about the damage to which it is entitled. First, Plaintiff argues that there is a factual dispute about the value of its 200 Bitcoins at the time of conversion. (Opp. at 9-11). Second, Plaintiff argues that it is entitled to additional damages that Defendant did not address, including interest from the date of conversion and fair compensation for the time and money expended in pursuit of that property. (Opp. at 9-10).

*First*, the parties dispute how to determine the value of the 200 Bitcoins that Plaintiff erroneously credited Defendant at 17:46 on July 10, 2015. Defendant asserts that this value is $57,216.56 based on the sale of two 100 Bitcoins that occurred later that same day at 23:58 and 23:59. (SGI No. 12; Mot. at 8). Plaintiff disagrees. Plaintiff disputes that the two transactions that occurred at 23:58 and 23:59 are the ones in which it sold Plaintiff's Bitcoins. (Opp. at 9). Because Defendant made many sales of various amounts of Bitcoins in the hours and days following the crediting error, Plaintiff argues that there is a factual dispute regarding how much money Defendant actually made from selling or trading Plaintiff's Bitcoins. (Opp. at 9-10).

Plaintiff's argument is not persuasive. Defendant's sell orders for Bitcoins are not connected to the deposits because the sell orders are typically based on market activity and liquidity. (*Id.* No. 11). In fact, both parties agree that "it is not possible to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 18-5934-MWF (KSx) | **Date:** September 27, 2019 |
| **Title:** Ox Labs, Inc. v. Bitpay, Inc., et al. | |

trace the 200 Bitcoins to any particular transaction." (*Id.* No. 16). Therefore, it would be impossible to determine the value of Plaintiff's 200 Bitcoins based on Plaintiff's proposed methodology – determining how much Defendant actually made from selling or trading Plaintiff's Bitcoins.

Given this limitation, it seems equitable to determine the value of the 200 Bitcoins based on the market value of the 200 Bitcoins on the day that Plaintiff erroneously credited Defendant. *See Stan Lee Trading, Inc. v. Holtz*, 649 F. Supp. 577, 582 (C.D. Cal. 1986) (determining the damages of conversion based on the daily market value of the gold at the time of conversion when plaintiff failed to produce any evidence of how much the gold was worth on that day). Here, neither party has provided any evidence regarding the daily market value of the Bitcoins on July 10, 2015. For that reason alone, the Court cannot determine the value of the 200 Bitcoins at the time of conversion as a matter of law.

*Second*, Plaintiff argues that it is entitled to the interest from the time of conversion and fair compensation for the time and money expended in pursuit of that property. (Opp. at 9-10). The Court agrees. The plain language of the statute provides for both damages. *See* Cal. Civ. Code § 3336 ("The detriment caused by the wrongful conversion of personal property is presumed to be: . . . [t]he value of the property at the time of the conversion, *with the interest from that time* [. . .] and . . . [a] *fair compensation for the time and money properly expended in pursuit of the property*").

Neither party has provided any evidence regarding the interest that has accrued since July 10, 2015 nor the amount of time and money Plaintiff properly expended in pursuit of the property. Accordingly, there is a factual dispute regarding both types of damages.

However, based on the record, the Court notes that the amount of damages Plaintiff may be able to recover for the time and money it expended in pursuit of the property will likely be limited. Plaintiff has admitted that it did not realize that it had over-credited Defendant the 200 Bitcoins until Defendant notified Plaintiff in February 2017. (SGI No. 7). Plaintiff does not assert that it expended any effort in retrieving the Bitcoins at that time. On July 12, 2017, Defendant sent Plaintiff's counsel a check

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-5934-MWF (KSx)            **Date:** September 27, 2019

**Title:** Ox Labs, Inc. v. Bitpay, Inc., et al.

in the amount of $57,216.55. (*Id.* No. 17). Plaintiff similarly does not assert that it expended any effort in retrieving the 200 Bitcoins between July 2017 and July 2018, when it filed this action. To the extent that Plaintiff is seeking attorneys' fees or any other expenses incurred in preparation for litigation, such expenses are not permitted under Civil Code section 3336. *See Gladstone v. Hillel*, 203 Cal. App. 3d 977, 991-92, 250 Cal. Rptr. 372 (Ct. App. 1988).

Accordingly, Defendant's Motion on the conversion claim is **DENIED**. Although Defendant will likely be able to establish that the proper measure of damages is the value of 200 Bitcoins on the day of conversion, *i.e.*, July 10, 2015, the parties have not briefed whether this determination is made as a matter of law or as a matter of fact. Moreover, there are factual disputes as to the daily market value of 200 Bitcoins was on July 10, 2015, the amount of interest that has accrued since July 10, 2015, and whether Plaintiff is entitled to any damages for the time and money it has expended in pursuing the 200 Bitcoins.

### D. Unjust Enrichment

The elements of an unjust enrichment claim are: "(1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of another." *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1113 (C.D. Cal. 2012) (citation omitted).

Plaintiff seeks this equitable remedy because Defendant offered to return only the cash value of the 200 Bitcoins based on transactions that occurred on July 10, 2015 instead of returning the 200 Bitcoins along with 200 Bitcoin Gold and 200 Bitcoin Cash. (Opp. at 13). Plaintiff argues that by refusing to return its "200 Bitcoins (and subsequently 200 Bitcoin Gold and 200 Bitcoin Cash), Defendant received the benefit of the meteoric rise in value of those cryptocurrencies, as well as interest in its funds over those years, and the business opportunities inherent in having more rather than less of the business's primary asset." (*Id.* at 14). At the hearing, Plaintiff reiterated this argument, emphasizing that it is seeking restitution, not compensatory damages.

There appears to be two outstanding questions with regard to the unjust enrichment claim. First, because it is not possible to trace the 200 Bitcoins to any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-5934-MWF (KSx)            **Date:** September 27, 2019
**Title:** Ox Labs, Inc. v. Bitpay, Inc., et al.

particular transaction, it is unclear whether Defendant has "retained" any benefit beyond the $57,216.55 it offered Plaintiff. In other words, there is a factual dispute as to whether Defendant has sold Plaintiff's 200 Bitcoins on July 10, 2015, another day, or has retained it to the present day. Second, even if the Court were to assume that Defendant has retained Plaintiff's Bitcoins to the present day, it is not clear whether Plaintiff would be entitled to only the 200 Bitcoins or the additional 200 Bitcoin Gold and 200 Bitcoin Cash that resulted from the hard forks under restitution. Neither party has provided any case law or other authorities to address this question.

     Based on this record, the Court cannot determine that Plaintiff's unjust enrichment claim fails as a matter of law. Accordingly, Defendant's Motion on the unjust enrichment claim is **DENIED**.

     For the reasons set forth above, Defendant's Motion is **DENIED**.

     IT IS SO ORDERED.