RUSS, AUGUST & KABAT
Benjamin T. Wang (SBN 228712)
bwang@raklaw.com
James S. Tsuei (SBN 285530)
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:  (310) 826-7474
Facsimile:   (310) 826-6991

MORRIS, MANNING & MARTIN, L.L.P.
Lawrence H. Kunin, Esq. (*pro hac vice*)
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

*Attorneys for Defendant*
BITPAY, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| OX LABS, INC.,<br><br>            *Plaintiff*,<br><br>vs.<br><br>BITPAY, INC. and Does 1-10,<br><br>            *Defendants*. | Case No. 2:18-cv-05934-MWF-KS<br><br>**DEFENDANT BITPAY, INC.'S PROPOSED JURY INSTRUCTIONS** |

## Preliminary Statement

Defendant BitPay believes that many, if not all of the jury questions below are questions for the Court. The following are thus submitted in an abundance of caution should the Court determine that any of these issues are jury questions.

**Joint Proposed Instruction No. 27**

**CONVERSION—ESSENTIAL FACTUAL ELEMENTS**

Ox Labs claims that BitPay wrongfully exercised control over its personal property. BitPay claims that it was due to Ox Labs' own error that BitPay was credited with the value of 200 bitcoins, which were sold that day, and that it was BitPay itself that ultimately discovered and disclosed the error.

To establish this claim, Ox Labs must prove all of the following:
1. That Ox Labs owned or had a right to possess the value of 200 Bitcoins;
2. That Bitpay substantially interfered with Ox Labs' 200 Bitcoins by knowingly or intentionally selling them or refusing to return them after Ox Labs demanded their return;
3. That Ox Labs did not consent;
4. That Ox Labs was harmed; and
5. That Bitpay's conduct was a substantial factor in causing Ox Labs' harm.

Conversion also requires a showing of "wrongful" conduct.

**Sources for Joint Proposed Jury Instruction No. 27:**

California Civil Jury Instructions ("CACI") 2100 (2019) and Directions for Use (citing *Atwood v. S. Cal. Ice Co.*, 63 Cal. App. 343, 345 (1923)); *Cerra v. Blackstone,* 172 Cal.App.3d 604, 609 (1985) ("Unjustified refusal to turn over possession on demand constitutes conversion even where possession by the withholder was originally obtained lawfully and of course so does an unauthorized sale") (internal citations omitted); *see also Schroeder v. Auto Driveaway Co.,* 11 Cal.3d 908, 918 (1974) ("Where B is in possession of the property, or where he has such control over it that he can readily get possession (as where he has stored it with a bailee), and A demands it, and B fails to deliver it, no modern court is going to save B from being a converter on the ground that there was only a nonfeasance") (citations and internal quotations marks omitted); *Fearon v. Department of Corrections*, 162 Cal.App.3d

1254, 1257 (1984) ("A conversion can occur when a willful failure to return property deprives the owner of possession") (citation omitted); *Smith v. Greenfield State Bank*, 222 Cal.App.2d 869, 873 (1963) (refusal to turn over property after proper demand is conversion "even though possession was lawfully obtained in the first instance")*; Nicholson v. McDonald*, 193 Cal.App.2d 675, 680 (1961) ("McDonald had no legal right to retain the property in his possession, and therefore his refusal to give up possession on Nicholson's demand amounted to conversion"); *Wade v. Markwell & Co.*, 118 Cal.App.2d 410, 433-34 (1953) (defendant's "exercise of total dominion over plaintiff's property by its act of resale, even though believing it had the right to do so, constituted a conversion") (citing *Bancroft-Whitney Co. v. McHugh*, 166 Cal. 140, 143 (1913)); *Alonso v. Badger*, 58 Cal.App.2d 752, 758 (1943) ("The action of appellant in exercising dominion and control over the property of respondents and making a sale thereof without such owners' consent amounted to a conversion") (citing *Lusitanian-American Development Co. v. Seaboard Dairy Credit Corp.*, 1 Cal.2d 121, 129 (1934)). Section § 3336; *Prakashpalan v. Engstrom, Lipscomb & Lack,* 223 Cal. App. 4th 1105, 167 Cal. Rptr. 3d 832 (2014).

# Joint Proposed Instruction No. 28
# DAMAGES FOR CONVERSION
# (CIV. CODE § 3336)

If you decide that Ox Labs has proved its conversion claim against BitPay, you also must decide how much money will reasonably compensate Ox Labs for the harm. This compensation is called "damages."

Ox Labs must prove the amount of its damages. You must not speculate or guess in awarding damages.

California Statute 3336 provides alternative remedies for conversion. Specifically, the detriment caused by the wrongful conversion of personal property is presumed to be:

(a) First—The value of the property at the time of the conversion, with the interest from that time, **or**, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted; and

(b) Second—A fair compensation for the time and money properly expended in pursuit of the property.

To find that an award is other than the value of the property at the time of the conversion, the jury must find that such an award is manifestly unjust to Ox Labs, the party that made the error, and that an award other that value at the time of the conversion is manifestly unjust to BitPay, the party that did not make the error.

Additionally, to find that damages other than the value at the time of the error is awardable, under Section 3336, Ox Labs must show that BitPay engaged in a wrongful act for which a proper amount of due diligence on Ox Labs' part would not have averted.

**Sources for Joint Proposed Jury Instruction No. 28:**

California Civil Jury Instructions ("CACI") 2102 (2019); Cal. Civ. Code § 3336; *Myers v. Stephens*, 233 Cal. App. 2d 104, 116 (1965) and *Allstate Leasing Corp. v. Smith,* 238 Cal. App. 2d 128 (1965); *Bank of Stockton v. Verizon Comm'ns, Inc.*, Case No. 09-15909, 2010 WL 1474053 (9th Cir. April 14, 2010) at *1; *Tyrone Pac. Intern*, 58 F.2d at 665; *Krueger v. Bank of America*, 145 Cal. App. 3d 204, 215 (1983) (quoting *Betzer v. Olney*, 14 Cal. App. 2d 53, 61 (1936)); *Dimick v. Donahue*, Nos. 04-55461, 04-55473, 04-55546, 2006 WL 213990 (9th Cir. Jan. 30, 2006) at *1; *Stan Lee Trading, Inc. v. Holtz*, 649 F. Supp. 577 (C.D. Cal. 1986).

# Joint Proposed Instruction No. 29
# UNJUST ENRICHMENT

Unjust enrichment is not a standalone cause of action, but "describe[s] the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" When a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution."

Ox Labs claims that BitPay owes it money for property that was received by mistake, specifically that it erroneously deposited 200 Bitcoins into BitPay's account by mistake, and that BitPay should return the 200 erroneous bitcoins.

BitPay claims that it only received the value of the 200 bitcoins on the day of Ox Labs' error, did not know about the error, sold the erroneous bitcoins that day, there is no evidence BitPay continued to hold any benefit from the 200 erroneous bitcoin, and that Ox Labs is unable to show that it would have retained the 200 bitcoin but for the error.

**Sources for Joint Proposed Instruction No. 29:**
*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (emphasis added); see also Munoz v. MacMillan, 195 Cal. App. 4th 648 (2011) ("Common law principles of restitution require a party to return a benefit when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is 'quasi-contract.'"). *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221 (2014).

**Joint Proposed Instruction No. 30**
**SPECIFIC RECOVERY**

If you decide that Ox Labs has proven its claims for conversion or unjust enrichment, then, as an alternative to monetary damages, you may award Ox Labs specific recovery of its property, in this case 200 bitcoins, but only if you find either that BitPay continues to benefit from the 200 erroneous bitcoin credit and/or if Ox Labs has proven that it would still possess the 200 bitcoin but for the error. Furthermore, an award of damages other than the value of the property at the time of the error must still result from a finding that such an award is not manifestly unjust to BitPay.

**Sources for Proposed Joint Instruction No. 30:**
*McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004) (prevailing plaintiff in quasi-contract action is entitled to "return of the thing or its equivalent in money"); *Taylor v. Forte Hotels Int'l*, 235 Cal. App. 3d 1119, 1123-24 (1991) (stating that remedies for conversion are "frequently . . . specific recovery of the property or damages based on the value of the property" and defining "recovery" broadly as "the regaining of that which has been lost, missing, or taken away"); *Munoz v. MacMillan*, 195 Cal. App. 4th 648 (2011); Cal. Civ. Code § 3336; *Myers v. Stephens*, 233 Cal. App. 2d 104, 116 (1965) and *Allstate Leasing Corp. v. Smith,* 238 Cal. App. 2d 128 (1965); *Bank of Stockton v. Verizon Comm'ns, Inc.*, Case No. 09-15909, 2010 WL 1474053 (9th Cir. April 14, 2010) at *1; *Tyrone Pac. Intern*, 58 F.2d at 665; *Krueger v. Bank of America*, 145 Cal. App. 3d 204, 215 (1983) (quoting *Betzer v. Olney*, 14 Cal. App. 2d 53, 61 (1936)); *Dimick v. Donahue*, Nos. 04-55461, 04-55473, 04-55546, 2006 WL 213990 (9th Cir. Jan. 30, 2006) at *1; *Stan Lee Trading, Inc. v. Holtz*, 649 F. Supp. 577 (C.D. Cal. 1986).

# Joint Proposed Instruction No. 31
## STATUTE OF LIMITATIONS – AFFIRMATIVE DEFENSE

The Court will decide whether a two year or three year statute of limitation applies to Ox Labs' claims. If the Court determines that a two-year statute of limitations applies, then you must decide whether Ox Labs, through reasonable diligence either did or could have discovered the basis of its claim on or before July 6, 2015, which is known as the discovery rule.

In making such determination as to when a party learned or should have learned about a cause of action, a party is not excused from discovery of its own error.

**Sources for Proposed Joint Instruction No. 31:**
*Sun 'n Sand, Inc. v. United California Bank*, 21 Cal. 3d 671, 702, 582 P.2d 920, 941 (1978) (court held that a claim for embezzlement would have been discovered if Sun 'n Sand had examined its bank statements with reasonable care. Since the company's negligence prevented it from discovering the accrual of a cause of action, it could not take advantage of the discovery rule.).

## Joint Proposed Instruction No. 32
## DAMAGES IF PARTY IS EXCUSED FROM OWN ERROR

Even if a party may be excused from its own error, the equitable remedy is to return the party that committed the mistake to the position they would have been in, but-for the mistake. BitPay contends that it would be unjust to require BitPay to refund the 200 erroneous bitcoin that it asserts it disposed of and thus does not have in the first place.

**Sources for Proposed Joint Instruction No. 32:**

*Midland Nat'l Life Ins. Co. v. Johnson*, Case No. 11-CV-279-LAB-BGS, 2014 WL 12515160 (S.D. Cal. Mar. 27, 2014) at *5 (quoting *Sun'n Sad, Inc. v. United California Bank*, 21 Cal. 3d 671, 700 (1978)) (emphasis added) ("It is now settled…that money paid under a mistake of fact may be recovered back, however negligent the party paying may have been in making the mistake, unless the payment has caused such a change in the position of the other party that it would be unjust to require him to refund.").

## Defendant's Proposed Instruction No. 33
## INTEREST

Interest is normally awardable under California Code 3336.  However, a plaintiff has the duty to mitigate damages and not recover losses that could have been avoided.  Nor should a plaintiff earn a windfall.  In such a case, the jury may decline to award interest.

**Sources for Proposed Defendant's Instruction No. 33:**

*Bank of Stockton v. Verizon Comm'ns, Inc.*, No. 09-15909, 2010 WL 1474053 (9th Cir. April 14, 2010) at *1 ("*in light of the windfall* the Bank could have reaped as a result of the decline in the share price after the State sold the stock, the district court properly rejected the Bank's claim for interest on that sum.").

# Defendant's Proposed Instruction No. 34
## PAYMENT (RELATED TO AFFIRMATIVE DEFENSES #3 AND #5)

Ox Labs if not entitled to recover if it is determined that BitPay already tendered an unconditional payment for its profits from the erroneously credited bitcoin in the full amount determined to be owed to Ox Labs.

**Sources for Proposed Defendant's Instruction No. 34:**

*Regents of Univ. of California v. Global Excel Mgmt., Inc.*, Case No.: SA CV 16-0714-DOC (Ex), 2017 WL 3579704 (C.D. Cal. 2017) (the amount was unliquidated/subject to a bona fide dispute, and the claimant obtained payment of the instrument); *Myers v. Stephens*, 233 Cal. App. 2d 104, 119 (1965) (to seek a remedy for conversion, "there must be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." ).

**Defendant's Proposed Instruction No. 35**
**NO RESTITUTION AVAILABLE (RELATED TO AFFIRMATIVE DEFENSE #4)**

If you decide that Ox Labs has proven its claims for conversion or unjust enrichment, then, as an alternative to monetary damages, you may award Ox Labs specific recovery of its property, in this case 200 bitcoins, but only if you find either that BitPay continues to possess the 200 erroneous bitcoin or its benefit, or if Ox Labs has proven that it would still possess the 200 bitcoin but for the error.

**Sources for Proposed Defendant's Instruction No. 35:**

In order to maintain a cause of action for replevin, which Ox Labs essentially pleads, the property must be described with a reasonable degree of certainty, and "as a rule, money is not the subject of such an action unless it be marked or designated in some manner as to make it specific as regards its capability of identification." *Tsai v. Wang*, Case No. 17-cv-00614, 2017 WL 2587929 (N.D. Cal. June 14, 2017). Further, Bitcoin is a tradeable commodity (*CFTC v. McDonnell*, 287 F. Supp. 3d 213, 228-29 (E.D.N.Y. 2018)) that changes value, and not currency like a dollar.

Respectfully submitted,

DATED: November 4, 2019

RUSS, AUGUST & KABAT
Benjamin T. Wang
James S. Tsuei

By: /s/ *Benjamin T. Wang*

Attorney for Defendant
BitPay, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify pursuant to the Federal Rules of Civil Procedure and LR 5-3 and 5-4 that the foregoing **DEFENDANT BITPAY, INC.'S PROPOSED JURY INSTRUCTIONS** was served upon the attorney(s) of record for each party through the ECF system as identified on the Notice of Electronic Filing on November 4, 2019.

By: */s/ Benjamin T. Wang*
Benjamin T. Wang