RUSS, AUGUST & KABAT
Benjamin T. Wang (SBN 228712)
bwang@raklaw.com
James S. Tsuei (SBN 285530)
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:   (310) 826-7474
Facsimile:    (310) 826-6991


MORRIS, MANNING & MARTIN, L.L.P.
Lawrence H. Kunin, Esq. (*pro hac vice*)
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

*Attorneys for Defendant*
BITPAY, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| OX LABS, INC.,<br><br>*Plaintiff*,<br><br>vs.<br><br>BITPAY, INC. and Does 1-10,<br><br>*Defendants*. | Case No. 2:18-cv-05934-MWF-KS<br><br>**DEFENDANT BITPAY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE EVIDENCE OF PARTIES' SETTLEMENT COMMUNICATIONS**<br><br>Pretrial Conf: November 18, 2019<br>Time: 11:00 A.M.<br>Dept.: 5A<br>Trial: December 3, 2019 |

# MEMORANDUM OF POINTS AND AUTHORITIES:

## I. INTRODUCTION

In general, BitPay does not oppose the exclusion of evidence of proposals for settlement as required by FRE 408. Plaintiff Ox Labs' Motion in Limine No. 1, however, is premature and overbroad, as it seeks to exclude all factual communications because they happen to contain proposals for settlement.

## II. ARGUMENT

### A. Ox Labs Impermissibly Points To Communications Generally Without Citing The Specific Language At Issue.

Ox Labs' Motion in Limine No. 1 should be denied outright for failing to specifically identify the evidence it seeks to exclude. As stated in *Mims v. Fed. Express Corp.*, No. CV 13-03947-AB (SSX), 2015 WL 12711651, at *1 (C.D. Cal. Jan. 15, 2015):

> Motions in limine afford the court and counsel the opportunity to give more deliberate consideration to specific objections to specific evidence. *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). They will not lie to exclude broad categories of evidence. S*ee Liberal v. Estrada, No. C 07-0024 SBA*, 2011 WL 3956068, at *5. As one California court has succinctly observed, unless the motion identifies specific evidence it seeks to exclude and the specific reasons to exclude it, the court would be forced to "rule in a vacuum" on the admissibility of evidence. *Kelly v. New West Federal Savings*, 49 Cal.App.4th 659, 670, 56 Cal.Rptr.2d 803 (Cal. Ct. App. 1996). If granted, such amorphous motions would "leav[e] the court and the parties to guess what [evidence] during trial may be included within the scope of the ruling." *Id*.

*See also Vago v. Cty. of Los Angeles*, No. CV 13-868 DMG (RZX), 2015 WL 13697386, at *4 (C.D. Cal. Aug. 7, 2015):

> Motions in limine should refer to specific evidence. (See Scheduling and Case Management Order at 7 ("Motions in limine should address specific issues (i.e., not "to

RUSS, AUGUST & KABAT

exclude all hearsay, etc.).") [Doc. # 22].) The Court declines to consider blanket objections. Counsel may raise specific objections at trial.

### B. Review Of The Specific Evidence Sought To Be Excluded

In broad-brush terms, Ox Labs seeks to exclude evidence of the following:

1. Letters between May and July 2017 between Larry Kunin, trial counsel for BitPay, and David Gutierrez, General Counsel for Ox Labs. Since it appears the parties are stipulating to the fact that Mr. Gutierrez made a demand, and that Mr. Kunin rejected the demand, BitPay agrees to exclude these letters from evidence.

2. A set of emails between the principals of the parties between February 2017 and May 2017 (before lawyers were involved), including an attachment to those emails from Ox Labs to BitPay, contain pre-trial settlement offers, discussions, and rejections. Complete exclusion of these emails is improper as they do not relate to settlement discussions, but instead relate to the factual investigation of the issue in this lawsuit. To the extent any language is seemed a proposal for compromise, that can be redacted at trial. To completely exclude this probative evidence at this stage is improper and not required by FRE 408. Indeed, it is this exchange of emails that discloses that it was BitPay that discovered the error, initiated the investigation with Ox Labs, and Ox Labs' response to its end of the investigation. These communications are absolutely "business communications" of investigation of the issue.

As stated by Ox Labs, the Ninth Circuit requires that settlement discussions must first have crystallized before Rule 408 will apply to bar admission of evidence. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1064 (9th Cir. 2006) ("Because the purpose of Rule 408 is to encourage the compromise and settlement of existing disputes," evidence of a grievance proceeding could be admitted because it did not concern Plaintiff's not-yet-filed discrimination claim). The emails and attachments between the parties relate to the underlying issue and its investigation, they were not crystallized into settlement discussions.

3. June 6, 2017 letter from L. Kunin to D. Gutierrez ("This law firm represents Bitpay … the demand by Ox Labs represents an attempt to obtain a windfall.... By our calculations, the value of the Bitcoins on July 11, 2015 was approximately $56,000. BitPay will deliver such funds upon full satisfaction of the error ...."). This too is not a settlement communication – no compromise was offered – it was BitPay's calculation of the error.

4. July 12, 2017 letter from L. Kunin to D. Gutierrez ("I have discussed Ox Labs' settlement options with BitPay. BitPay remains unwilling to pay ...."). Ox Labs also refers to this Court's language in its summary judgment order that this letter was an "offer of settlement." Order at 4 (Dkt. 36). This is simply not true on the face of the letter – it was an unconditional tender of payment. The letter outright rejects settlement with no counter but instead makes an unconditional tender of payment – no settlement, no release. To the extent the Court determines liability, this letter is evidence of alleged damages already paid, which affects liability in the first place as well as any right to interest.

DATED: November 4, 2019

Respectfully submitted,

RUSS, AUGUST & KABAT
Benjamin T. Wang
James S. Tsuei

By: /s/ *Benjamin T. Wang*

Attorney for Defendant
BitPay, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify pursuant to the Federal Rules of Civil Procedure and LR 5-3 and 5-4 that the foregoing **DEFENDANT BITPAY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE EVIDENCE OF PARTIES' SETTLEMENT COMMUNICATIONS** was served upon the attorney(s) of record for each party through the ECF system as identified on the Notice of Electronic Filing on November 4, 2019.

By: */s/ Benjamin T. Wang*
Benjamin T. Wang