RUSS, AUGUST & KABAT
Benjamin T. Wang (SBN 228712)
bwang@raklaw.com
James S. Tsuei (SBN 285530)
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:   (310) 826-7474
Facsimile:    (310) 826-6991


MORRIS, MANNING & MARTIN, L.L.P.
Lawrence H. Kunin, Esq. (*pro hac vice*)
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

*Attorneys for Defendant*
BITPAY, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| OX LABS, INC.,<br><br>*Plaintiff*,<br><br>vs.<br><br>BITPAY, INC. and Does 1-10,<br><br>*Defendants*. | Case No. 2:18-cv-05934-MWF-KS<br><br>**DEFENDANT BITPAY, INC.'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE EVIDENCE OF BITPAY'S PURPORTED GOOD FAITH, LACK OF WRONGFUL INTENT, OR MISTAKE**<br><br>Pretrial Conf: November 18, 2019<br>Time: 11:00 A.M.<br>Dept.: 5A<br>Trial: December 3, 2019 |

# MEMORANDUM OF POINTS AND AUTHORITIES:

## I. INTRODUCTION

In its motion, Ox Labs attempts to avoid an issue central to the issue in this case, in which it seeks equitable relief, thus bringing into relevance the weight of the equities. Indeed, the claims as pled in Ox Labs' own complaint are based on an error by Ox Labs, the discovery of that error not by Ox Labs but by BitPay, and that BitPay disclosed this error. Not knowing of the error, BitPay proceeded to execute trades of the erroneously credited bitcoins, including trading the volumes connected to the erroneous credit down to zero. Unlike every case cited by Ox Labs in which the issue was return of a specific piece of identifiable property, or even a commodity that it simply stored in a vault, the issue here is a credit for a commodity that was subject to immediate and frequent trading, and trading decisions. In other words, Ox Labs seeks to use its own error to shift the burden of investment risk and decision-making to BitPay, thus earning a windfall because the price of bitcoins happened to increase and because BitPay happens to have other bitcoins that are not connected to the error.

How the error occurred, and how it was discovered and disclosed, is certainly relevant. Indeed, as noted, Ox Labs pled this in its complaint.

## II. ARGUMENT

### A. Ox Labs Points To No Specific Evidence – Indeed, It Took No Depositions – That May Be Subject To A Motion In Limine

As stated in *Mims v. Fed. Express Corp.*, No. CV 13-03947-AB (SSX), 2015 WL 12711651, at *1 (C.D. Cal. Jan. 15, 2015):

> Motions in limine afford the court and counsel the opportunity to give more deliberate consideration to specific objections to specific evidence. *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). They will not lie to exclude broad categories of evidence. S*ee Liberal v. Estrada,*

*No. C 07-0024 SBA*, 2011 WL 3956068, at *5. As one California court has succinctly observed, unless the motion identifies specific evidence it seeks to exclude and the specific reasons to exclude it, the court would be forced to "rule in a vacuum" on the admissibility of evidence. *Kelly v. New West Federal Savings*, 49 Cal.App.4th 659, 670, 56 Cal.Rptr.2d 803 (Cal. Ct. App. 1996). If granted, such amorphous motions would "leav[e] the court and the parties to guess what [evidence] during trial may be included within the scope of the ruling." *Id*.

*See also Vago v. Cty. of Los Angeles*, No. CV 13-868 DMG (RZX), 2015 WL 13697386, at *4 (C.D. Cal. Aug. 7, 2015):

> Motions in limine should refer to specific evidence. (See Scheduling and Case Management Order at 7 ("Motions in limine should address specific issues (i.e., not "to exclude all hearsay, etc.").") [Doc. # 22].) The Court declines to consider blanket objections. Counsel may raise specific objections at trial.

Here, Ox Labs has not only cited no specific evidence it seeks to exclude, but it took no depositions and is thus not in a position to cite specific evidence to exclude.

### B. Evidence Relating To Bitpay's Good Faith Is Relevant To The Claims And Defenses In This Case

#### 1. Evidence of BitPay's good faith is relevant to Ox Labs' Claims

Ox Labs has not shown BitPay is liable for conversion and therefore BitPay's good faith is relevant to Ox Labs' claims and its motion *in limine* should be denied. Ox Labs cites *Los Angeles Federal Credit Union v. Madatyan*, to convey that conversion is a strict liability tort. 209 Cal. App. 4th 1383, 1387 (2012). Ox Labs, however, fails to meet the elements for conversion listed therein. Although *Madatyan* states that conversion is a strict liability tort, the preceding language in the case states that one of the elements is "conversion by a *wrongful* act or disposition of property rights." *Id.* (emphasis supplied). Therefore, BitPay's claim that it acted in good faith and has committed no wrongdoing is directly relevant to Ox Labs' conversion claim, which it calls the "central claim at bar."

Disconnected from Ox Labs' position is that the strict liability to which it refers is simply the fact that BitPay should not retain what it erroneously received. But, BitPay sold the bitcoin subject to the erroneous credit and BitPay has not only agree to pay is profits therefrom, it has already issued such a payment. Nothing in any case cited by Ox Labs stands for the proposition that good faith is irrelevant for all purposes – including determining whether return of the property is possible or available.

Even assuming arguendo that BitPay converted the 200 bitcoin, BitPay's good faith is relevant to the quasi-contractual remedy that Ox Labs seeks for the alleged conversion. Ox Labs claims that BitPay was unjustly enriched and seeks restitution of 200 bitcoin. There is no stand-alone unjust enrichment cause of action in California. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Unjust enrichment is not a theory of recovery but an effect of the failure to make restitution under certain circumstances when it is equitable to do so. *Lauriedale Assocs. Ltd. v. Wilson,* 7 Cal. App. 4th 1439, 1448 (1992). "Restitution is not mandated merely because one person realized a gain at another's expense. Rather, the obligation arises when the enrichment obtained lacks any adequate legal basis and thus 'cannot consciously be retained.'" *A.J. Fistes Corp. v. GDL Best Contractors, Inc.*, 38 Cal. App. 5th 677, 697 (2019).

California courts have "long" relied on the Restatements for guidance. *Professional Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 240 (2018); *see also Krueger v. Wyeth, Inc.,* 2019 WL 2743942 (C.D. Cal. July 1, 2019) (relying on California cases that cite the Restatement (Third) of Restitution). The Restatement (Third) of Restitution and Unjust Enrichment § 50 (2011) provides that "[a]n 'innocent recipient' is one who commits no misconduct in the transaction concerned (§ 51) and who bears no responsibility for the unjust enrichment in question (§ 52)." An innocent recipient of unrequested benefits may not be left

worse off than if the transaction giving rise to the liability had not occurred. RTT § 50 (3).

Ox Labs' request for the return of 200 bitcoin would do exactly that, as 200 bitcoin at the time of the transaction is substantially less than the value of the 200 bitcoin Ox Labs seeks now. Simply because Ox Labs erroneously credited BitPay 200 bitcoin, does not mean Ox Labs is entitled to the return of 200 bitcoin at present value. *See A.J. Fistes Corp.*, 38 Cal. App. 5th at 697. Thus, BitPay's good faith and status as an innocent recipient are critically relevant to this case and Ox Labs' motion *in limine* barring evidence of BitPay's good faith should be denied. *Cf. CRS Recovery, Inc. v. Laxton*, 600 F.3d 1138, 1145 (stating that under California law there is a recognition of an innocent purchaser defense in actions for conversion).

Moreover, the cases Ox Labs cites for the proposition that good faith is immaterial to its claims for unjust enrichment and restitution do not support its position. In *FDIC v. Dintino*, 167 Cal. App. 4th 333, 346 (2008), the court stated the unjust enrichment remedy was created to "*restore* the aggrieved party to his or her *former position* by return of the thing or *its equivalent sum in money*." As noted above, Ox Labs is not put in its former position with 200 bitcoin, it would be much better off. Insofar as Ox Labs seeks to benefit from its own error, BitPay's good faith is relevant. See RTT § 50; *A.J. Fistes Corp.*, 38 Cal. App. 5th at 697.

### 2. Good faith is relevant to our affirmative defense regarding the statute of limitations

Ox Labs also claims that BitPay's good faith is irrelevant to BitPay's affirmative defenses. However, BitPay claims that the conversion took place, if at all, at the moment Ox Labs credited 200 bitcoin to BitPay. The statute of limitations runs once a wrongful taking occurs and is only tolled if there is fraudulent concealment or a fiduciary relationship. *See AmerUs Life Ins. Co. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 639 (2006). Evidence of BitPay's good faith shows there was no fraudulent concealment and no fiduciary relationship has been

alleged. Therefore, evidence of BitPay's good faith is relevant to the statute of limitations affirmative defense because it effects when the statute of limitations for conversion begins to run.

### C. Evidence Relating To Bitpay's Good Faith Is Not More Prejudicial Than Probative

As noted above, BitPay's good faith and lack of mistake, even if not relevant to whether BitPay is liable for conversion damages, is clearly relevant to rebut any claim of restitution. As such, the evidence's probative value is not substantially outweighed by a danger of unfair prejudice and it is not misleading. See *Fed. R. Evid. 403*. Ox Labs claims the jury may wonder whether the relief sought turns on evidence of BitPay's good faith in light of Ox Labs' mistake, but that is exactly what the jury should do. See RTT § 50; *A.J. Fistes Corp.*, 38 Cal. App. 5th at 697. Indeed, any other result would enable the party committing an error to receive a windfall from its own error and would shift the investment risk and decision-making to the innocent party.

The cases Ox Labs relies on are distinguishable because whether the return of 200 bitcoin is warranted is the crux of our case, while in the cases Ox Labs cites the excluded evidence is irrelevant. Ox Labs cites *Cohn v. Papke*, 655 F.2d 191, 194 (9th Cir. 1981), where the court states that unfair prejudice means "an undue tendency to suggest decision on an improper basis ... including emotional ones." However, the *Cohn* court found undue prejudice in a civil rights case because defendant's counsel elicited testimony about the victim's sexuality for the impermissible purpose of showing that it was in plaintiff's character to commit homosexual acts. *See id. United States v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011) is also distinguishable because it was about how "minimally probative evidence," should be barred even if there is a small risk of misleading the jury. Here, evidence of BitPay's good faith is directly relevant to the issue of restitution and therefore it is not unduly prejudicial to prevent evidence of it.

DATED: November 4, 2019

Respectfully submitted,

RUSS, AUGUST & KABAT
Benjamin T. Wang
James S. Tsuei

By: /s/ *Benjamin T. Wang*

Attorney for Defendant
BitPay, Inc.

# CERTIFICATE OF SERVICE

I hereby certify pursuant to the Federal Rules of Civil Procedure and LR 5-3 and 5-4 that the foregoing **DEFENDANT BITPAY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE EVIDENCE OF BITPAY'S PURPORTED GOOD FAITH, LACK OF WRONGFUL INTENT, OR MISTAKE** was served upon the attorney(s) of record for each party through the ECF system as identified on the Notice of Electronic Filing on November 4, 2019.

By: */s/ Benjamin T. Wang*
Benjamin T. Wang