LEIDER + AYALA-BASS LLP
Philip A. Leider (Cal. Bar No. 229751)
philip@leiderlegal.com
Joren S. Ayala-Bass (Cal. Bar No. 208143)
joren@leiderlegal.com
One Market Plaza, Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone:  415-215-8397
eFax: 510-350-9115

Attorneys for Plaintiff Ox Labs Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OX LABS INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BITPAY, INC., a Delaware Corporation, and Does 1-10,<br><br>Defendants. | Case No. CV 18-5934-MWF(KSx)<br><br>**PROPOSED JOINT JURY INSTRUCTIONS**<br><br>Pretrial Conf: November 18, 2019<br>Time: 11:00 a.m.<br>Dept.: 5A<br><br>Trial: December 3, 2019 |

        Pursuant to L.R. 16-2 and the Court's Order Regarding Jury Trial (Dkt. 22), Plaintiff Ox Labs Inc. and Defendant BitPay, Inc. jointly submit the following proposed joint jury instructions:

## Index of Joint Proposed Jury Instructions

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1 | **DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)** | 9th Circuit Model Civil Jury Instruction No. 1.2 (2017 [last updated June 2019]) | 4 |
| 2 | **CLAIMS AND DEFENSES** | 9th Circuit Model Civil Jury Instruction No. 1.5 | 6 |
| 3 | **BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE** | 9th Circuit Model Civil Jury Instruction No. 1.6 | 8 |
| 4 | **WHAT IS EVIDENCE** | 9th Circuit Model Civil Jury Instruction No. 1.9 | 10 |
| 5 | **WHAT IS NOT EVIDENCE** | 9th Circuit Model Civil Jury Instruction No. 1.10 | 12 |
| 6 | **EVIDENCE FOR LIMITED PURPOSE** | 9th Circuit Model Civil Jury Instruction No. 1.11 | 14 |
| 7 | **DIRECT AND CIRCUMSTANTIAL EVIDENCE** | 9th Circuit Model Civil Jury Instruction No. 1.12 | 16 |
| 8 | **RULING ON OBJECTIONS** | 9th Circuit Model Civil Jury Instruction No. 1.13 | 18 |
| 9 | **CREDIBILITY OF WITNESSES** | 9th Circuit Model Civil Jury Instruction No. 1.14 | 20 |
| 10 | **CONDUCT OF THE JURY** | 9th Circuit Model Civil Jury Instruction No. 1.15 | 23 |
| 11 | **PUBLICITY DURING TRIAL** | 9th Circuit Model Civil Jury Instruction No. 1.16 | 26 |
| 12 | **NO TRANSCRIPT AVAILABLE TO JURY** | 9th Circuit Model Civil Jury Instruction No. 1.17 | 28 |
| 13 | **TAKING NOTES** | 9th Circuit Model Civil Jury Instruction No. 1.18 | 30 |

| 14 | **BENCH CONFERENCES AND RECESSES** | 9th Circuit Model Civil Jury Instruction No. 1.20 | 32 |
| 15 | **OUTLINE OF TRIAL** | 9th Circuit Model Civil Jury Instruction No. 1.21 | 34 |
| 16 | **STIPULATIONS OF FACT** | 9th Circuit Model Civil Jury Instruction No. 2.2 | 36 |
| 17 | **IMPEACHMENT EVIDENCE—WITNESS** | 9th Circuit Model Civil Jury Instruction No. 2.9 | 38 |
| 18 | **USE OF INTERROGATORIES** | 9th Circuit Model Civil Jury Instruction No. 2.11 | 40 |
| 19 | **CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE** | 9th Circuit Model Civil Jury Instruction No. 2.14 | 42 |
| 20 | **CHARTS AND SUMMARIES RECEIVED IN EVIDENCE** | 9th Circuit Model Civil Jury Instruction No. 2.15 | 44 |
| 21 | **DUTY TO DELIBERATE** | 9th Circuit Model Civil Jury Instruction No. 3.1 | 46 |
| 22 | **CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY** | 9th Circuit Model Civil Jury Instruction No. 3.2 | 48 |
| 23 | **COMMUNICATION WITH COURT** | 9th Circuit Model Civil Jury Instruction No. 3.3 | 51 |
| 24 | **RETURN OF VERDICT** | 9th Circuit Model Civil Jury Instruction No. 3.5 | 53 |

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Joint Proposed Instruction No. 1**

**Duty of Jury (Court Reads and Provides Written Instructions)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source for Joint Proposed Instruction No.1:**

9th Circuit Model Civil Jury Instruction No. 1.2 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Joint Proposed Instruction No. 2

### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff in this case is Ox Labs Inc. and its subsidiary, SFOX.  I will refer to them together as "Ox Labs" or "plaintiff."

The defendant in this case is BitPay, Inc.  I will refer to the defendant as "BitPay" or "defendant."

Ox Labs asserts that BitPay committed conversion by selling or refusing to return property that rightfully belongs to Ox Labs despite the fact that Ox Labs demanded the return of its property.  Ox Lab also has a claim for unjust enrichment, which means that Ox Labs seeks to have its property returned because it would be unjust for BitPay to keep and retain the benefit of keeping Ox Labs' property.  Ox Labs has the burden of proving these claims.

BitPay denies those claims.

BitPay claims that the statute of limitations has expired, which means that Ox Labs cannot sue because it filed the lawsuit too late.  BitPay has the burden of proof on the statute of limitations affirmative defense.

Ox Labs denies that the statute of limitations has expired.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Source for Joint Proposed Instruction No. 2:**

9th Circuit Model Civil Jury Instruction No. 1.5 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Joint Proposed Instruction No. 3**

## **BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Source for Joint Proposed Jury Instruction No. 3:**

9th Circuit Model Civil Jury Instruction No. 1.6 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

## **Joint Proposed Instruction No. 4**

### **WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I [may instruct] [have instructed] you to accept as proved.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Source for Joint Proposed Jury Instruction No. 4:**

9th Circuit Model Civil Jury Instruction No. 1.9 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Joint Proposed Instruction No. 5

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source for Joint Proposed Jury Instruction No. 5:**

9th Circuit Model Civil Jury Instruction No. 1.10 (2017 [last updated June 2019])

-13-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Joint Proposed Instruction No. 6</u>**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

-14-

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source for Joint Proposed Jury Instruction No. 6:**

9th Circuit Model Civil Jury Instruction No. 1.11 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**<u>Joint Proposed Instruction No. 7</u>**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source for Joint Proposed Jury Instruction No. 7:**

9th Circuit Model Civil Jury Instruction No. 1.12 (2017 [last updated June 2019])

-17-

**<u>Joint Proposed Instruction No. 8</u>**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source for Joint Proposed Instruction No. 8:**

9th Circuit Model Civil Jury Instruction No. 1.13 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Joint Proposed Instruction No. 9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

-21-

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source for Joint Proposed Jury Instruction No. 9:**

9th Circuit Model Civil Jury Instruction No. 1.14 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

## Joint Proposed Instruction No. 10

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media

-23-

accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved, including the parties, the witnesses or the lawyers until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source for Joint Proposed Jury Instruction No. 10:**

9th Circuit Model Civil Jury Instruction No. 1.15 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

## **Joint Proposed Instruction No. 11**

## **PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source for Joint Proposed Jury Instruction No. 11:**

9th Circuit Model Civil Jury Instruction No. 1.16 (2017 [last updated June 2019])

-27-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Joint Proposed Instruction No. 12</u>**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Source for Joint Proposed Jury Instruction No. 12:**

9th Circuit Model Civil Jury Instruction No. 1.17 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Joint Proposed Instruction No. 13**

## **TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

-30-

**Source for Joint Proposed Jury Instruction No. 13:**

9th Circuit Model Civil Jury Instruction No. 1.18 (2017 [last updated June 2019])

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Joint Proposed Instruction No. 14</u>**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Source for Joint Proposed Jury Instruction No. 14:**

9th Circuit Model Civil Jury Instruction No. 1.20 (2017 [last updated June 2019])

1

2

**Joint Proposed Instruction No. 15**

**OUTLINE OF TRIAL**

3

4

5

6

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

7

8

9

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

10

11

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

12

After that, you will go to the jury room to deliberate on your verdict.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Source for Joint Proposed Jury Instruction No. 15:**

9th Circuit Model Civil Jury Instruction No. 1.21 (2017 [last updated June 2019])

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Joint Proposed Instruction No. 16**

## **STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You must therefore treat these facts as having been proved.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source for Joint Proposed Jury Instruction No. 16:**

9th Circuit Model Civil Jury Instruction No. 2.2 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Joint Proposed Instruction No. 17</u>**

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Source for Joint Proposed Jury Instruction No. 17:**

9th Circuit Model Civil Jury Instruction No. 2.9 (2017 [last updated June 2019])

**<u>Joint Proposed Instruction No. 18</u>**

**USE OF INTERROGATORIES**

Evidence will be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

-40-

**Source for Joint Proposed Jury Instruction No. 18:**

9th Circuit Model Civil Jury Instruction No. 2.11 (2017 [last updated June 2019])

**<u>Joint Proposed Instruction No. 19</u>**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Source for Joint Proposed Jury Instruction No. 19:**

9th Circuit Model Civil Jury Instruction No. 2.14 (2017 [last updated June 2019])

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Joint Proposed Instruction No. 20</u>**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

-44-

**Source for Joint Proposed Jury Instruction No. 20:**

9th Circuit Model Civil Jury Instruction No. 2.15 (2017 [last updated June 2019])

**Joint Proposed Instruction No. 21**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source for Joint Proposed Jury Instruction No. 21:**

9th Circuit Model Civil Jury Instruction No. 3.1 (2017 [last updated June 2019])

-47-

**<u>Joint Proposed Instruction No. 22</u>**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Source for Joint Proposed Jury Instruction No. 22:**

9th Circuit Model Civil Jury Instruction No. 3.2 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joint Proposed Instruction No. 23**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Source for Joint Proposed Jury Instruction No. 23:**

9th Circuit Model Civil Jury Instruction No. 3.3 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>Joint Proposed Instruction No. 24</u>**

### **RETURN OF VERDICT**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**Source for Joint Proposed Jury Instruction No. 24:**

9th Circuit Model Civil Jury Instruction No. 3.5 (2017 [last updated June 2019])

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

## <u>CERTIFICATE OF SERVICE</u>

I certify that counsel of record, listed below, is being served on November 4, 2019, with a copy of this document through the CM/ECF Filing System as identified on the Notice of Electronic Filing dated November 4, 2019.

<u>        /s/ *Anahit Samarjian*</u>
Anahit Samarjian

Benjamin T. Wang
bwang@raklaw.com
James Tsuei
jtsuei@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard,12th Floor
Los Angeles, California 90025

Lawrence H. Kunin
lhk@mmmlaw.com
MORRIS, MANNING & MARTIN, L.L.P.
1600 Atlanta Financial Center
3343 Peachtree Road N.E.
Atlanta, Georgia 30326

PROPOSED JOINT JURY INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)