1   LEIDER + AYALA-BASS LLP
    Philip A. Leider (Cal. Bar No. 229751)
2   philip@leiderlegal.com
    Joren S. Ayala-Bass (Cal. Bar No. 208143)
3   joren@leiderlegal.com
4   One Spear Tower, 36th Floor
    San Francisco, CA 94105
5   Telephone:  415-215-8397
    eFax: 510-350-9115
6

7   Attorneys for Plaintiff Ox Labs Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

| | |
|---|---|
| 11  OX LABS INC., a California Corporation, | Case No. CV 18-5934-MWF(KSx) |
| 12 | |
| 13           Plaintiff, | **PLAINTIFF OX LABS INC.'S PROPOSED JURY INSTRUCTIONS AND OBJECTIONS TO DEFENDANT BITPAY, INC.'S PROPOSED JURY INSTRUCTIONS** |
| 14           vs. | |
| 15  BITPAY, INC., a Delaware Corporation, and Does 1-10, | |
| 16 | |
| 17           Defendants. | Pretrial Conf: November 18, 2019 Time: 11:00 a.m. Dept.: 5A |
| 18 | |
| 19 | Trial: December 3, 2019 |

23        Pursuant to L.R. 16-2 and the Court's Order Regarding Jury Trial (Dkt. 22),

24   Plaintiff Ox Labs Inc. ("Ox Labs") submits its proposed jury instructions and

25   objections to the proposed jury instructions of Defendant BitPay, Inc. ("BitPay") in

26   the above-entitled matter:

## Index of Plaintiff Ox Labs' Proposed Jury Instructions

| No. | Title | Source | Page |
|---|---|---|---|
| 25 | **CONVERSION – ESSENTIAL FACTUAL ELEMENTS** | CACI 2100 and additional cited authority | 3 |
| 26 | **UNJUST ENRICHMENT – QUASI-CONTRACT - MISTAKEN RECEIPT** | CACI 374 and additional cited authority | 5 |
| 27 | **SPECIFIC RECOVERY** | Cited authority | 7 |
| 28 | **DAMAGES FOR CONVERSION** <br> **(CAL. CIV. CODE § 3336)** | CACI 2102 and additional cited authority | 9 |
| 29 | **STATUTE OF LIMITATIONS – AFFIRMATIVE DEFENSE** | Cal. Civ. Proc. Code § 338 and additional cited authority | 12 |

PLAINTIFF OX LABS' PROPOSED JURY INSTRUCTIONS & OBJECTIONS TO BITPAY'S INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

## Plaintiff's Proposed Instruction No. 25

## CONVERSION—ESSENTIAL FACTUAL ELEMENTS

Ox Labs claims that BitPay wrongfully exercised control over its personal property. To establish this claim, Ox Labs must prove all of the following:

1. That Ox Labs owned or had a right to possess 200 Bitcoins;

2. That BitPay substantially interfered with Ox Labs' 200 Bitcoins by knowingly or intentionally selling them or refusing to return them after Ox Labs demanded their return;

3. That Ox Labs did not consent;

4. That Ox Labs was harmed; and

5. That BitPay's conduct was a substantial factor in causing Ox Labs' harm.

## Statement in Support of Plaintiff's Proposed Instruction No. 25:

Ox Labs' proposed Instruction No. 25 tracks California Civil Jury Instructions ("CACI") 2100 (2019), in compliance with the Court's Order Regarding Jury Trial (Dkt. 22) Section II.C.4.  Ox Labs proposes using the CACI instruction without the modification that BitPay proposes.  BitPay's proposed modification of the CACI instruction is misleading and confusing.

Controlling California case law makes clear that Ox Labs can recover on its claim for conversion if it proves *either* that BitPay refused to return 200 Bitcoins on proper demand even though it originally obtained the Bitcoins lawfully *or* that BitPay sold the Bitcoins without Ox Labs' authorization.  *See Cerra v. Blackstone,* 172 Cal. App. 3d 604, 609 (1985) ("Unjustified refusal to turn over possession on demand constitutes conversion even where possession by the withholder was originally obtained lawfully and of course so does an unauthorized sale") (internal citations omitted); *see also Schroeder v. Auto Driveaway Co.,* 11 Cal.3d 908, 918 (1974) ("Where B is in possession of the property, or where he has such control over it that

he can readily get possession (as where he has stored it with a bailee), and A demands it, and B fails to deliver it, no modern court is going to save B from being a converter on the ground that there was only a nonfeasance") (citations and internal quotations marks omitted); *Fearon v. Department of Corrections*, 162 Cal. App. 3d 1254, 1257 (1984) ("A conversion can occur when a willful failure to return property deprives the owner of possession") (citation omitted); *Smith v. Greenfield State Bank*, 222 Cal. App. 2d 869, 873 (1963) (refusal to turn over property after proper demand is conversion "even though possession was lawfully obtained in the first instance")*; Nicholson v. McDonald*, 193 Cal. App. 2d 675, 680 (1961) ("McDonald had no legal right to retain the property in his possession, and therefore his refusal to give up possession on Nicholson's demand amounted to conversion"); *Wade v. Markwell & Co.*, 118 Cal. App. 2d 410, 433-34 (1953) (defendant's "exercise of total dominion over plaintiff's property by its act of resale, even though believing it had the right to do so, constituted a conversion") (citing *Bancroft-Whitney Co. v. McHugh*, 166 Cal. 140, 143 (1913)); *Alonso v. Badger*, 58 Cal. App. 2d 752, 758 (1943) ("The action of appellant in exercising dominion and control over the property of respondents and making a sale thereof without such owners' consent amounted to a conversion") (citing *Lusitanian-American Development Co. v. Seaboard Dairy Credit Corp.*, 1 Cal.2d 121, 129 (1934)).

## Plaintiff's Proposed Instruction No. 26

### UNJUST ENRICHMENT – QUASI-CONTRACT - MISTAKEN RECEIPT

Ox Labs claims that BitPay owes it money or property for property that was received by mistake. To establish this claim, Ox Labs must prove all of the following:

1.      That Ox Labs deposited 200 Bitcoins into BitPay's account by mistake;

2.      That BitPay did not have a right to the 200 Bitcoins;

3.      That Ox Labs asked BitPay to return the 200 Bitcoins;

4.      That BitPay has not returned the 200 Bitcoins to Ox Labs; and

5.      The amount of money that BitPay must pay, or property that it must return, to Ox Labs to restore Ox Labs to its former position.

### Statement in Support of Plaintiff's Proposed Instruction No. 26

Ninth Circuit precedent supports an unjust enrichment claim when the defendant "has been unjustly conferred a benefit through *mistake*, fraud, coercion, or request. The return of that benefit is the remedy 'typically sought in a quasi-contract cause of action.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (emphasis added) (quoting 55 Cal. Jur. 3d Restitution § 2); *see also Federal Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 346 (2008) ("Whether termed unjust enrichment, quasi-contract, or quantum meruit, the equitable remedy of restitution when unjust enrichment has occurred is an obligation (not a true contract) created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his or her former position by *return of the thing or its equivalent in money*.") (emphasis added, internal quotations marks and citation omitted).

In this case, the jury instruction that most closely mirrors the allegations of unjust enrichment in the Complaint is Instruction 374 of the California Civil Jury Instructions ("CACI") (2019), which is the instruction for Mistaken Receipt.  This is the appropriate instruction because "[c]ommon law principles of restitution require a party to return a benefit when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is 'quasi-contract.'"  *Munoz v. MacMillan*, 195 Cal. App. 4th 648, 661 (2011) (citing *McBride v. Boughton,* 123 Cal. App. 4th 379, 388-389 (2004) ("For example, restitution may be awarded…where the defendant obtained a benefit from the plaintiff by fraud, duress, *conversion*, or similar conduct. In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory (an election referred to at common law as 'waiving the tort and suing in assumpsit'). . . . In such cases, where appropriate, the law will imply a contract (or rather, a quasi-contract), without regard to the parties' intent, in order to avoid unjust enrichment.") (emphasis added, citations and internal quotation marks omitted); *see also Utility Audit Co., Inc. v. City of Los Angeles*, 112 Cal. App. 4th 950, 958 (2003) ("As Witkin states in his text, '[a] common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished. It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract.'") (citations omitted).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Plaintiff's Proposed Instruction No. 27

### SPECIFIC RECOVERY

If you decide that Ox Labs has proven its claims for conversion or unjust enrichment, then Ox Labs may elect the remedy of specific recovery of its property, in this case the return of 200 Bitcoins.

### Statement in Support of Plaintiff's Proposed Instruction No. 27

California law permits Ox Labs to elect specific recovery as a remedy for claims of conversion and unjust enrichment. *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004) (prevailing plaintiff in quasi-contract action is entitled to "return of the thing or its equivalent in money"); *Taylor v. Forte Hotels Int'l*, 235 Cal. App. 3d 1119, 1123-24 (1991) (stating that remedies for conversion are "frequently . . . specific recovery of the property or damages based on the value of the property" and defining "recovery" broadly as "the regaining of that which has been lost, missing, or taken away"); *Munoz v. MacMillan*, 195 Cal. App. 4th 648 (2011).

Once liability is established, Ox Labs may elect among available remedies, including specific recovery. *See, e.g., Fresno Air Serv. v. Wood*, 232 Cal. App. 2d 801, 806 (1965) (in a conversion action "[t]he injured party usually may elect among several remedies: (1) Specific recovery of the property, with damages for its detention. (2) Damages for conversion, based on the value of the property. (3) Quasi-contractual recovery based on 'waiver of tort.' (4) Action to quiet title.") (quoting 2 Witkin, Summary of Cal. Law, Torts, § 139, pp. 1312-1313, citations omitted); *see also Jahn v. Brickey,* 168 Cal.App.3d 399, 406 (1985) ("[A]n election of remedies is required only after a decision on the merits and prior to entry of judgment."); *Horn v. Klatt*, 65 Cal. App. 2d 510, 521 (1944) (California law entitles the plaintiff to a return of its property "or other things of the same kind and

quality."); *Minsky v. L.A.*, 11 Cal. 3d 113, 121 (1974) ("Where a wrongdoer has converted . . . personal property, the injured owner must elect between his right of ownership and possession (with the remedy of specific recovery) and his right to compensation (with the remedies of damages for conversion or quasi-contract recovery of value on theory of waiver of tort).") (citing Witkin, Cal. Procedure (2d ed. 1970) Actions, § 114, p. 983); *Flores v. Cal. Dep't of Corrs. & Rehab.*, 224 Cal. App. 4th 199, 206 (2014), *review denied*, (Apr. 30, 2014) ("Available remedies for conversion include specific recovery of property with damages for its detention and damages based on the value of the property.") (citing Cal. Civ. Code §§ 3336, 3379; *Allstate Leasing Corp. v. Smith*, 238 Cal. App. 2d 128, 132-133 (1965); *Roam v. Koop,* 41 Cal. App. 3d 1035, 1039 (1974) ("Ordinarily a plaintiff need not elect, and cannot be compelled to elect, between inconsistent remedies during the course of trial prior to judgment."); *see also Waffer v. Int'l Corp. v. Khorsandi*, 69 Cal. App. 4th 1261 (1991) (discussing the election of remedies doctrine in California law generally and in the attachment context specifically).

**Plaintiff's Proposed Instruction No. 28**

**DAMAGES FOR CONVERSION**

**(CIV. CODE § 3336)**

If you decide that Ox Labs has proved its conversion claim against BitPay, Ox Labs has the choice between (1) specific recovery, explained in Instruction No. 27, or (2) monetary compensation, which is called "damages." If you determine that an award of both specific recovery and specific recovery of the property are warranted in this case, then Ox Labs will elect which remedy it will receive, but it will not receive both.

If Ox Labs elects the remedy of damages, Ox Labs must prove the amount of its damages. However, Ox Labs does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Ox Labs:

1. The fair market value of the 200 Bitcoins at the time BitPay wrongfully exercised control over them; and

2. Prejudgment interest from the time of BitPay's wrongful exercise of control over the 200 Bitcoins; and

3. Reasonable compensation for the time and money spent by Ox Labs in attempting to recover the 200 Bitcoins.

**OR**

1. Special damages resulting from BitPay's wrongful exercise of control over the 200 Bitcoins; and

2. Reasonable compensation for the time and money spent by Ox Labs in attempting to recover the 200 Bitcoins.

In order to recover special damages, Ox Labs must prove:

1.    That it would not be adequately compensated by the value of the property at the time of the conversion and interest;

2.    That it was reasonably foreseeable that special injury or harm would result from the conversion; and

3.    That reasonable care on Ox Labs' part would not have prevented the loss.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.    That there is no pressure on either one to buy or sell; and

2.    That the buyer and seller know all the uses and purposes for which the Bitcoins are reasonably capable of being used.

"Prejudgment interest" is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the wrongfully withheld funds or property. It is computed from the date on which the loss was incurred until the date on which you sign your verdict.  The parties have agreed that they will calculate the amount of prejudgment interest due if you make an award of prejudgment interest.  You are to decide whether an award of prejudgment interest should be made.

### Statement in Support of Plaintiff's Proposed Instruction No. 28

California Civil Jury Instructions ("CACI") 2102 (2019) provides the jury instructions applicable to damages for conversion.  *See also* Cal. Civ. Code § 3336.

For the reasons stated in the Statement in Support of Plaintiff's Proposed Instruction Nos. 26 and 27, *supra*, Ox Labs contends that it is entitled to elect between specific recovery and statutory damages as a remedy for conversion.  *See Minsky*, *supra*, 11 Cal. 3d at 121 ("Where a wrongdoer has converted . . . personal property, the injured owner must elect between his right of ownership and

possession (with the remedy of specific recovery) and his right to compensation (with the remedies of damages for conversion or quasi-contract recovery of value on theory of waiver of tort).") (citing Witkin, Cal. Procedure (2d ed. 1970) Actions, § 114, p. 983).  BitPay's position is that only statutory damages are appropriate in this case.  The parties agree that the proper jury instruction for statutory damages is CACI 2102.

California cases construing Section 3336 generally hold that "special damages" are available when the harm exceeds the value of the property plus interest.  *See, e.g., Lueter v. State,* 94 Cal. App. 4th 1285, 1302 (2002) ("As a general rule, the value of the converted property is the appropriate measure of damages, and resort to the alternative occurs only where a determination of damages on the basis of value would be manifestly unjust.  Accordingly, a person claiming damages under the alternative provision must plead and prove special circumstances that require a measure of damages other than value, and the jury must determine whether it was reasonably foreseeable that special injury or damage would result from the conversion.") (internal citations omitted); *Moreno v. Greenwood Auto Ctr.*, 91 Cal. App. 4th 201, 209 (2001) ("The damage measures set forth in the first paragraph of section 3336 are in the alternative. The first alternative is to compensate for the value of the property at the time of conversion with interest from the time of the taking. The second alternative is compensation in a sum equal to the amount of loss legally caused by the conversion and which could have been avoided with a proper degree of prudence. Both of these alternatives are in addition to the damage element for the time spent pursuing the converted property set forth in the second paragraph of section 3336.") (internal citations omitted); *Lint v. Chisholm*, 121 Cal. App. 3d 615, 624-625 (1981) ("In the absence of special circumstances the appropriate measure of damages for conversion of personal property is the fair market value of that property plus interest from the date

of conversion, the standard first listed in section 3336, Civil Code.  However, where proof establishes an injury beyond that which would be adequately compensated by the value of the property and interest, the court may award such amounts as will indemnify for all proximate reasonable loss caused by the wrongful act.  Where damages for loss of use exceeds the legal rate of interest, it is appropriate to award the former, but not both.") (internal citations omitted).

PLAINTIFF OX LABS' PROPOSED JURY INSTRUCTIONS & OBJECTIONS TO BITPAY'S INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

1

2

**Plaintiff's Proposed Instruction No. 29**

**STATUTE OF LIMITATIONS – AFFIRMATIVE DEFENSE**

3      BitPay contends that Ox Labs' lawsuit was not filed within the time allowed

4  by law.  Before deciding that question, you must determine whether the violation is

5  continuing.  The violation is a continuing violation if:

6          1.  Ox Labs is entitled to the use and possession of 200 Bitcoins it

7              mistakenly credited to Bitpay; and

8          2.  Ox Labs continues to be deprived of the use and possession of 200

9              Bitcoins.

10  If you determine that there is a continuing violation, then you need not proceed

11  further with this instruction because the lawsuit is timely.

12      If the violation is not a continuing violation, then you will need to determine

13  the date of conversion.  The date of conversion is the date on which BitPay refused

14  Ox Labs' demand for return of 200 Bitcoins.  If you determine the date of

15  conversion is *on or after July 6, 2015*, then you need not continue further because

16  the lawsuit is timely.

17      If you determine the date of conversion is *before* July 6, 2015, then the

18  burden shifts to Ox Labs to prove:

19          1.  That before July 6, 2015, Ox Labs did not discover, and did not know

20              of facts that would have caused a reasonable person to suspect,

21              BitPay's wrongful acts; and

22          2.  Ox Labs was not negligent in failing to make the discovery sooner

23              than it did.

24  If the date of conversion is before July 6, 2015, and Ox Labs fails to prove the two

25  facts above, then the lawsuit is untimely and you should find that BitPay has

26  established its statute of limitations defense.

27

28

## **Statement in Support of Plaintiff's Proposed Instruction No. 29**

Ox Labs contends that the continuing violation doctrine applies and that its conversion claim has thus not yet accrued. *See De Vries v. Brumback*, 53 Cal. 2d 643, 646-67 (1960) (In Bank) (explaining that conversion "is a continuing tort -- as long as the person entitled to the use and possession of his property is deprived thereof. Contrary to appellant's argument, it does not necessarily end when the original wrongdoer transfers physical possession to another."); *Matson v. Vorhariwatt (In re Vorhariwatt)*, No. 17-cv-1255-WQH-MDD, U.S. Dist. LEXIS 208560, at *9-10 (S.D. Cal. Dec. 18, 2017) ("The conversion does not end at the moment a lawful demand is refused, it continues as long as the person entitled to the use and possession of his property is deprived thereof. The conversion continues from the time the first lawful demand is refused until the lawful owner regains possession of his property.") (citations and internal punctuation omitted); *see also Hullinger v. Anand*, No. CV 15-07185 SJO (FFMx), 2016 U.S. Dist. LEXIS 111918, at *10 (C.D. Cal. Aug. 11, 2016) ("California law treats conversion, fraud, and constructive fraud similarly with respect to the theory of ongoing liability"); *AB Inv. LLC v. Regal One Corp.*, No. CV 09-02983-RGK (FFMx), 2009 U.S. Dist. LEXIS 135956, at *3-4 (C.D. Cal. Dec. 22, 2009) (stating that "conversion is a continuing tort as long as the person entitled to the use and possession of his property is deprived thereof and does not necessarily end when the original wrongdoer transfers physical possession to another.") (citations and internal punctuation omitted).

If the Court or jury determines that the continuing violation doctrine does not apply, Ox Labs contends that the date of conversion was June 6, 2017, which is the stipulated date on which BitPay refused Ox Labs' request for BitPay to return its property. *See Bufano v. San Francisco*, 233 Cal. App. 2d 61, 70 (1965) ("Where an original taking is wrongful, the bar of the statute runs from the time of the unlawful

-14-

taking, but *where the original taking is lawful, the statute is not set in motion until the return of the property has been demanded and refused* or until a repudiation of the owner's title is clearly and unequivocally brought to his attention.") (emphasis added).  If the Court of jury determines that June 6, 2017 was the date of conversion, then the statute of limitations affirmative defense fails because the lawsuit was filed well within either a 2-year or 3-year statute of limitations.

If the jury determines that the conversion occurred on a date earlier than July 6, 2016 (*i.e.,* more than two years before the filing of the Complaint), then the Court must decide whether a two-year or three-year statute of limitations applies to the conversion of Bitcoins.  Ox Labs asserts that the proper statute of limitations for both conversion and unjust enrichment claims is three years and the defenses fail because the lawsuit was filed within three years from the date of conversion.  *See* Cal. Civ. Proc. Code § 338, subdivision (d) (three-year statute of limitations applies to action for relief based on fraud or mistake); *id*. § 338, subdivision (c)(1) (three-year statute of limitations applies to action for taking, detaining, or injuring goods or chattels, including an action for the specific recovery of personal property); *Fed. Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 349-50 (2008) (three-year statute of limitations applies to unjust enrichment claim based on mistake). The parties have briefed this question more completely in their respective memoranda of contentions of fact and law.  [Dkt. 41 & 42.]

If the lawsuit would be untimely under the applicable limitations period (whether two-year or three-year), then the lawsuit may still be timely under California's delayed discovery rule.  *See Dintino*, *supra*, at 349-50.  The jury will need to decide whether Ox Labs had actual or constructive knowledge of its claim outside the limitations period and whether Ox Labs was negligent in failing to discover the basis for the claim earlier.  *See Sun 'n Sand, Inc. v. United California Bank*, 21 Cal. 3d 671, 701–702 (1978).

## OX LABS' OBJECTIONS TO BITPAY'S PROPOSED
## JURY INSTRUCTIONS

**BitPay's Proposed Instruction No. 27**

Ox Labs claims that Bitpay wrongfully exercised control over its personal property. BitPay claims that it was due to Ox Labs own error that it was credited with the value of 200 bitcoins, which were sold that day, and that it was BitPay itself that ultimately discovered and disclosed the error.

To establish this claim, Ox Labs must prove all of the following:

1. That Ox Labs owned or had a right to possess the value of 200 Bitcoins;

2. That Bitpay substantially interfered with Ox Labs' 200 Bitcoins by knowingly or intentionally selling them or refusing to return them after Ox Labs demanded their return;

3. That Ox Labs did not consent;

4. That Ox Labs was harmed; and

5. That Bitpay's conduct was a substantial factor in causing Ox Labs' harm. Conversion also requires a showing of "wrongful" conduct.

**Ox Labs' Objections to BitPay's Proposed Instruction No. 27**

Ox Labs objects to this Instruction on the ground that it differs from the wording of CACI 2100, and BitPay has provided no reasoned argument for departing from the wording provided by CACI, as required by the Court's Order Regarding Jury Trial, Section C(4).  Because BitPay's added language, highlighted above, is not one of the elements of Ox Labs' claim, BitPay's instruction is likely to confuse the jury and cause prejudice.

The only authority BitPay cites in support of its added language is *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105 (2014). However, *Prakashplanan* does not support BitPay's change to the standard CACI instruction.  In that case, the Court of Appeal *reversed* the trial court's demurrer to

the plaintiff's conversion cause of action.  *See id.* at 1138.  In so holding the Court stated:

> Conversion is the wrongful exercise of dominion over the property of another. The elements of a claim for conversion are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion, (2) the defendant's conversion by a wrongful act *or disposition of* property rights, and (3) damages.  *It is not necessary that there be a manual taking of the property, only an assumption of control or ownership over the property, or that the alleged converter has applied the property to his or her own use.*

*Id.* at 1135 (emphasis added, citations and internal punctuation omitted).  As the italicized language makes clear, there is no free-standing requirement of a "wrongful" act separate and apart from the act of converting the property itself; all that is required is an assumption of control or ownership of the property or application of the property to the converter's own use.  CACI 2100 clearly and unambiguously covers this aspect of the tort in its second element.  There is no need for the additional language BitPay proposes, and it should be rejected.

**BitPay's Proposed Instruction No. 28**

If you decide that Ox Labs has proved its conversion claim against Bitpay, you also must decide how much money will reasonably compensate Ox Labs for the harm. This compensation is called "damages."

Ox Labs must prove the amount of its damages. You must not speculate or guess in awarding damages.

California Statute 3336 [sic] provides alternative remedies for conversion. Specifically, the detriment caused by the wrongful conversion of personal property is presumed to be:

(a)     First—The value of the property at the time of the conversion, with the interest from that time, or, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted; and

(b)     Second—A fair compensation for the time and money properly expended in pursuit of the property.

To find that an award is other than the value of the property at the time of the conversion, the jury must find that such an award is manifestly unjust to Ox Labs, the party that made the error, and that an award other that value at the time of the conversion is manifestly unjust to BitPay, the party that did not make the error.

Additionally, to find that a damage other than the value at the time of the error is awardable, under Section 3336, Ox Labs must show that BitPay engaged in a wrongful act for which a proper amount of due diligence on Ox Labs' part would not have averted.

**Ox Labs' Objections to BitPay's Proposed Instruction No. 28**

Ox Labs objects to this Instruction on the grounds that it differs markedly from CACI 2102.  Bitpay has not provided reasoned argument as to why the CACI

instruction should be modified or why it does not properly state the governing law.

Ox Labs objects to the portion of BitPay's proposed instruction that states "Ox Labs must prove the amount of its damages.  You must not speculate or guess in awarding damages."  CACI 2012 provides instructions for the measure of damages for conversion, and those instructions state "[Plaintiff] must prove the amount of its damages.  However, [Plaintiff] does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages."

Ox Labs also objects to the portion of the instruction that states: "To find that an award is other than the value of the property at the time of the conversion, the jury must find that such an award is manifestly unjust to Ox Labs, the party that made the error, and that an award other that value at the time of the conversion is manifestly unjust to BitPay, the party that did not make the error. Additionally, to find that a damage other than the value at the time of the error is awardable, under Section 3336, Ox Labs must show that BitPay engaged in a wrongful act for which a proper amount of due diligence on Ox Labs' part would not have averted."  This misstates the governing law and is vastly different from the instruction in CACI 2102, which lays out the standard for the jury to award special damages.  Bitpay has not provided any reasoned argument as to why the CACI instruction should be modified as Bitpay suggests or why they do not properly state the law. Further, Bitpay's modifications are clearly intended to cause prejudice and confuse the jury.

**BitPay's Proposed Instruction No. 29**

Unjust enrichment is not a standalone cause of action, but "describe the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'"  When a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution."

Ox Labs claims that BitPay owes it money for property that was received by mistake, specifically that it erroneously deposited 200 Bitcoins into Bitpay's account by mistake, and that BitPay should return the 200 erroneous bitcoins.

BitPay claims that it only received the value of the 200 bitcoins on the day of Ox Labs' error, did not know about the error, sold the erroneous bitcoins that day, there is no evidence BitPay continued to hold any benefit from the 200 erroneous bitcoin, and that Ox Labs is unable to show that it would have retained the 200 bitcoin but for the error.

**Ox Labs' Objections to BitPay's Proposed Instruction No. 29**

Ox Labs objects to this instruction on the grounds that it does not actually instruct the jury.  BitPay would have the Court simply recite language taken from case law to the jury and then present Ox Labs' basis for its unjust enrichment claim and BitPay's defenses.  This is not a proper instruction, is not based on the 9th Circuit Manual of Model Instructions or CACI, and does not city any authority supporting the use of this language in a jury instruction.

**BitPay's Proposed Instruction No. 30**

If you decide that Ox Labs has proven its claims for conversion or unjust enrichment, then, as an alternative to monetary damages, you may award Ox Labs specific recovery of its property, in this case 200 Bitcoins, but only if you find either that BitPay continues to benefit from the 200 erroneous bitcoin credit and/or if Ox Labs has proven that it would still possess the 200 bitcoin but for the error. Furthermore, an award of damages other than the value of the property at the time of the error must still result from a finding that such an award is not manifestly unjust to BitPay.

**Ox Labs' Objections to BitPay's Proposed Instruction No. 30**

Ox Labs objects to this instruction on the ground that it adds an element ("only if you find either that Bitpay continues to benefit from the 200 erroneous bitcoin credit and/or if Ox Labs has proven that it would still possess the 200 bitcoin but for the error") that is not supported by the case law related to specific recovery. Bitpay has not cited authority to support adding additional elements to the form instruction for the remedy of specific recovery. Plaintiff also objects to this instruction on the ground that it adds an element ("an award of damages other than the value of the property at the time of the error must still result from a finding that such an award is not manifestly unjust to BitPay") that is not supported by the case law related to specific recovery.

## BitPay's Proposed Instruction No. 31

The Court will decide whether a two year or three year statute of limitation applies to Ox Labs' claims.  If the Court determines that a two-year statute of limitations applies, then you must decide whether Ox Labs, through reasonable diligence either did or could have discovered the basis of its claim on or before July 6, 2015, which is known as the discovery rule.

In making such determination as to when a party learned or should have learned about a cause of action, a party is not excused from discovery of its own error.

## Ox Labs' Objections to BitPay's Proposed Instruction No. 31

Ox Labs objects to this instruction on the ground that it is vague and ambiguous because the jury does not need to be instructed that the judge will decide whether a two-or three-year statute of limitations applies.  Ox Labs also objects to this instruction on the ground that it is not phrased properly and will likely lead to confusion of the jury.  Ox Labs further objects to this instruction on the ground that it does not properly state the legal burden of proof, since Bitpay has the burden of proof on its own affirmative defense.  Ox Labs further objects to this instruction on the grounds that it states the incorrect date for when the two-year statute of limitations would begin running. Plaintiff also objects to this instruction on the grounds that it adds an additional element that is not supported by case law and is vague and ambiguous ("In making such determination as to when a party learned or should have learned about a cause of action, a party is not excused from discovery of its own error.")

**BitPay's Proposed Instruction No. 32**

Even if a party may be excused from its own the equitable remedy is to return the party that committed the mistake to the position they would have been in, but-for the mistake. BitPay contends that it would be unjust to require BitPay to refund the 200 erroneous bitcoin that it asserts it did had in the first place.

**Ox Labs' Objections to BitPay's Proposed Instruction No. 32**

Ox Labs objects to this instruction on the ground that it is vague, ambiguous, and confusing to the jury. This instruction purports to state an alternate measure of damages if a party is excused from its own error, but it is unclear when a jury would be instructed to rely on this instruction instead of relying on CACI 2102 or the instruction for specific recovery.  Ox Labs further objects to this instruction on the ground that it is at variance from CACI without any reasoned argument for using these instructions in place of the instructions provided by CACI or the case law regarding specific recovery.

**BitPay's Proposed Instruction No. 33**

Interest is normally awardable under California Code 3336.  However, a plaintiff has the duty to mitigate damages and not recover losses that could have been avoided.  Nor should a plaintiff earn a windfall.  In such a case, the jury may decline to award interest.

**Ox Labs' Objections to BitPay's Proposed Instruction No. 33**

Plaintiff objects to this instruction on the grounds that it is intended to cause prejudice and would unduly confuse the jury.  Civil Code section 3336 includes prejudgment interest in the presumed measure of damages for conversion, and interest is mandatory, not discretionary, if liability is established.  Moreover, the CACI instructions include an award of prejudgment interest, which Bitpay does not propose using. Bitpay has not provided any reasoned argument for using its instruction in place of the instruction provided by CACI or by the statute that states the measure of damages for conversion.  The sole authority cited by Bitpay, *Bank of Stockton v. Verizon Comm'ns, Inc.*, No. 09-15909, 2010 WL 1474053 (9th Cir. April 14, 2010) at *1, an unpublished Ninth Circuit opinion, is readily distinguishable.  In that case, the party whose property was converted could have repurchased the property at a lower price after the conversion, and thus an additional award of prejudgment interest, over and above the market value of the property, would have been a windfall.  Here, the *opposite* is true.  The price of Bitcoin continued to increase after the conversion, such that Plaintiff would have had to pay much more to repurchase 200 Bitcoins after the conversion than the value of the Bitcoins at the time of the conversion.  Therefore, even if the *Bank of Stockton* case otherwise applied, there would be no injustice to BitPay arising from the statutorily-required payment of prejudgment interest.

**BitPay's Proposed Instruction No. 34**

Plaintiff Ox Labs if not entitled to recover if it determined that Defendant BitPay already tendered an unconditional payment for its profits from the erroneously credited bitcoin in the full amount it is determined to be owed to Plaintiff Ox Labs.

**Ox Labs' Objections to BitPay's Proposed Instruction No. 34**

Ox Labs objects to this instruction on the grounds that BitPay did not disclose the proposed instruction until *November 3, 2019*, although it was required to do so before the required conference of counsel on October 7, 2019.  *See* L.R. 16-2 & Order Regarding Jury Trial at II.A.2.  The Court requires "strict" adherence to the Local Rules.  This woefully late instruction should be rejected on timeliness grounds alone.

Ox Labs also objects to this proposed instruction because it improperly attempts to provide the jury with information about an unaccepted settlement offer BitPay made before this litigation commenced.  The U.S. Supreme Court has unambiguously held that such an offer is a "legal nullity."  *Campbell-Ewald Co. v. Gomez*, 577 U.S. ___, 136 S. Ct. 663, 670 (2016).  BitPay offers no reasoned explanation why a "legal nullity" would be relevant or should be considered by the jury pursuant to an instruction from the Court.  Ox Labs has objected more generally to BitPay's attempt to put settlement communications before the jury in its Motion in Limine No. 1 [Dkt. 43].

Ox Labs also objects to this instruction on the grounds that it is unintelligible.  Civil Code section 3336 and the CACI instructions do not support the creation of an additional requirement that a plaintiff must prove that the defendant did *not* tender an unconditional payment.  BitPay seeks to create an additional element to a claim of conversion that is entirely unsupported.

1    The authority cited by BitPay is inapposite.  Even if the presumed measure of

2  statutory damages applies in this case, it is uncontested that BitPay did not tender—

3  and Ox Labs did not accept—full statutory damages in this case.  BitPay asserts

4  that "there must be some reasonable connection between the act or omission of the

5  defendant and the damage which the plaintiff suffered."  *Myers v. Stephens*, 233

6  Cal. App. 2d 104, 119 (1965).  But such a "reasonable connection" is clearly

7  established by just the stipulations of fact in this matter.  Ox Labs owned and had a

8  right to possess 200 Bitcoins, demanded their return from BitPay, and BitPay has

9  not returned them.  There is no legal requirement that the jury find any additional

10  connection.

PLAINTIFF OX LABS' PROPOSED JURY INSTRUCTIONS & OBJECTIONS TO BITPAY'S INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)

**BitPay's Proposed Instruction No. 35**

If you decide that Ox Labs has proven its claims for conversion or unjust enrichment, then, as an alternative to monetary damages, you may award Ox Labs specific recovery of its property, in this case 200 Bitcoins, but only if you find either that BitPay continues to possess the 200 erroneous bitcoin credit or its benefit and/or if Ox Labs has proven that it would still possess the 200 bitcoin but for the error.

**Ox Labs' Objections to BitPay's Proposed Instruction No. 35**

Ox Labs objects to this instruction on the ground that BitPay did not disclose this proposed instruction until *November 3, 2019,* when it was required to do so before the required conference of counsel on October 7, 2019. *See* L.R. 16-2 & Order Regarding Jury Trial at II.A.2. Ox Labs also objects to this instruction on the grounds that it is intended to cause prejudice and would unduly confuse the jury. Ox Labs also objects to this instruction on the grounds that it is redundant because specific recovery and damages have been addressed in prior instructions and the legal citations in support.

BitPay cites *Tsai v. Wang*, Case No. 17-cv-00614, 2017 WL 2587929 (N.D. Cal. June 14, 2017), for the proposition that money is not subject to conversion claims unless it is marked or designated in some manner to make it specifically identifiable. But this authority is inapplicable because BitPay has never argued that Bitcoins are money. Indeed, BitPay admits that Bitcoins are "commodities," *not* money, conceding that *Tsai* is inapposite. Moreover, the California Court of Appeal, in a published opinion citing multiple authorities to the same effect, has held that in cases involving the conversion of money the plaintiff need not trace the property converted in the tortured manner BitPay suggests. *See Welco Elec., Inc. v. Mora*, 223 Cal. App. 4th 202, 209 (2014) ("Money may be the subject of conversion if the claim involves a specific, identifiable sum; it is not necessary that

each coin or bill be earmarked.") (citing *Haigler v. Donnelly*, 18 Cal. 2d 674, 681 (1941)).  Respectfully, state appellate courts articulate the law of California in their published opinions, not federal district courts in unpublished opinions.

Dated:  November 4, 2019                                Respectfully Submitted,

                                                                        LEIDER + AYALA-BASS LLP

                                                        By:      */s/ Philip. A. Leider*
                                                                        Philip A. Leider

                                                                        Attorneys for Ox Labs Inc.

1

## <u>CERTIFICATE OF SERVICE</u>

2

I certify that counsel of record, listed below, is being served on November 4,

3

2019, with a copy of this document through the CM/ECF Filing System as identified

4

on the Notice of Electronic Filing dated November 4, 2019.

5

6

                                      /s/ *Anahit Samarjian*
                                      Anahit Samarjian

7

8

Benjamin T. Wang

9

bwang@raklaw.com

James Tsuei

10

jtsuei@raklaw.com

11

RUSS, AUGUST & KABAT

12424 Wilshire Boulevard,12th Floor

12

Los Angeles, California 90025

13

14

Lawrence H. Kunin

lhk@mmmlaw.com

15

MORRIS, MANNING & MARTIN, L.L.P.

1600 Atlanta Financial Center

16

3343 Peachtree Road N.E.

17

Atlanta, Georgia 30326

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF OX LABS' PROPOSED JURY INSTRUCTIONS & OBJECTIONS TO BITPAY'S INSTRUCTIONS
Case No. CV 18-5934-MWF(KSx)