LEIDER + AYALA-BASS LLP
PHILIP A. LEIDER (SBN 229751)
JOREN S. AYALA-BASS (SBN 208143)
ANAHIT SAMARJIAN (SBN 279417)
One Market Plaza, Spear Tower, Floor 36
San Francisco, CA 94105
Telephone: (415) 215-8397
philip@leiderlegal.com

Attorneys for Plaintiff
OX LABS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OX LABS INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BITPAY, INC., a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. CV 18-5934-MWF(KSx)<br><br>**STIPULATION REGARDING ENTRY OF JUDGMENT** |

Plaintiff Ox Labs Inc. ("Ox Labs") and Defendant BitPay, Inc. ("BitPay") (collectively "the Parties") hereby stipulate as follows regarding the entry of judgment in the above-entitled matter:

WHEREAS, the Complaint in this matter stated claims for conversion and unjust enrichment under California law (Dkt. 1) and the Answer denied those claims and raised several affirmative defenses (Dkt. 13);

WHEREAS, in its Order of January 24, 2020 (Dkt. 74) (hereinafter "the Order") ruling upon Plaintiff's Pretrial Dispositive Motion (Dkt. 67) and Defendant's Motion for Judgment as a Matter of Law (Dkt. 66), the Court held that: (1) liability for conversion was established as a matter of law; (2) Defendant failed to establish that any affirmative defenses apply; (3) Plaintiff is entitled to the presumptive measure of damages under California Civil Code section 3336 ("Section 3336"); (4) Plaintiff is not entitled to the return of 200 Bitcoins; (5) Plaintiff is not entitled to "special damages" under Section 3336; (6) Plaintiff's recovery for unjust enrichment, if any, will be capped at the amount available for recovery under the presumptive damages measure of Section 3336;

WHEREAS, the Court held that the "time of conversion" for purposes of Section 3336 could not be established as a matter of law but the conversion must have taken place between July 10 and July 14, 2015;

WHEREAS, the Court did not calculate the damages to be awarded to Plaintiff, including the value of the property at the time of conversion and prejudgment interest, but rather ordered the Parties to meet and confer and, if possible, resolve any outstanding items and Plaintiff is to provide a proposed form of judgment;

WHEREAS, each of the Parties is considering whether to take an appeal from the Order and ensuing judgment; and

WHEREAS, counsel for the Parties have met and conferred in good faith to comply with the Court's orders, negotiate all outstanding items, agree on a proposed form of judgment, and enable the Parties to take an appeal;

///

- 1 -

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES THAT:

The "time of conversion" for purposes of assessing damages and prejudgment interest under Section 3336 will be July 14, 2015 – by so stipulating, neither party intends to waive, and they expressly do not waive, any argument that a conversion did or did not take place or that the time of conversion should be different;

The value of 200 Bitcoins on July 14, 2015 was $57,600;

Plaintiff is entitled to prejudgment interest of 7% per annum from July 14, 2015 (the agreed time of conversion) to July 12, 2017 (the date when Defendant tendered an unaccepted check to Plaintiff constituting proceeds from the unauthorized sale of the property at issue), which amounts to $8,064 in interest;

Although the Parties dispute whether Plaintiff is entitled to any interest after the above tender, the Parties wish to resolve said dispute by agreeing to a further award of 50% of the interest that would otherwise accrue from the date of the tender until the date of entry of the Order, which amounts to an additional $5,114.57 in interest;

In further consideration for the compromise reached in the above paragraph, Plaintiff waives its right to "fair compensation for the time and money properly expended in pursuit of the property" under Section 3336;

Plaintiff agrees to dismissal without prejudice of the unjust enrichment claim, and the statute of limitations on said claim will be tolled from the date of the filing of the Complaint until any and all appeals in this matter become final – by so stipulating, the Parties do not intend to waive, and expressly do not waive, any argument that there was or was not an unjust enrichment or, if there was an unjust enrichment, the amount of any said unjust enrichment or the remedy or remedies available therefor.

    Plaintiff will provide the Court with a proposed form of judgment, approved by Defendant's counsel, in conformity with this Stipulation.

    **IT IS SO STIPULATED.**

February 25, 2020                             **LEIDER + AYALA-BASS LLP**

By:__/s/ *Philip A. Leider*_____
Philip A. Leider

Attorneys for Plaintiff
OX LABS INC.

February 25, 2020                             **MORRIS, MANNING & MARTIN, LLP**

By:_/s/ *Lawrence H. Kunin*_____
Lawrence H. Kunin

Attorneys for Defendant
BITPAY, INC.

- 3 -

# **CERTIFICATE OF SERVICE**

I certify that counsel of record, listed below, is being served on February 25, 2020, with a copy of this document through the CM/ECF Filing System as identified on the Notice of Electronic Filing dated February 25, 2020.

                                              /s/ *Anahit Samarjian*
                                                 Anahit Samarjian

---

Benjamin T. Wang
bwang@raklaw.com
James Tsuei
jtsuei@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025

Lawrence H. Kunin
lhk@mmmlaw.com
MORRIS, MANNING & MARTIN, L.L.P.
1600 Atlanta Financial Center
3343 Peachtree Road N.E.
Atlanta, Georgia 30326

- 4 -

**STIPULATION REGARDING ENTRY OF JUDGMENT**
Case No. CV 18-5934-MWF(KSx)