```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

          HONORABLE MICHAEL W. FITZGERALD, JUDGE PRESIDING

OX LABS, INC.,                  )
                                )
                                )
                                )
               Plaintiff,       )
                                )
                                )
                                )
          Vs.                   )   No. CV18-05934-MWF
                                )
                                )
                                )
BITPAY, INC., ET AL.,           )
                                )
                                )
                                )
               Defendants.      )
                                )
_____)




            REPORTER'S TRANSCRIPT OF PROCEEDINGS

                   TELEPHONIC CONFERENCE

                  LOS ANGELES, CALIFORNIA

                 MONDAY, FEBRUARY 10, 2020




        MIRIAM V. BAIRD, CSR 11893, CCRA
     OFFICIAL U.S. DISTRICT COURT REPORTER
     411 WEST FOURTH STREET, SUITE 1-053
           SANTA ANA, CALIFORNIA 92701
                MVB11893@aol.com
```

UNITED STATES DISTRICT COURT

```
 1                    A P P E A R A N C E S
 2

 3   IN BEHALF OF THE PLAINTIFF,    LEIDER & AYALA-BASS LLP
     OX LABS, INC.:                 BY: PHILIP LEIDER, ATTORNEY
 4                                  AT LAW SPEAR TOWER  ONE
                                    MARKET PLAZA 36TH FLOOR SAN
 5                                  FRANCISCO, CALIFORNIA 94105
```

...

```
 9
     IN BEHALF OF THE DEFENDANTS,   RUSS AUGUST & KABAT
10   BITPAY, INC., ET AL.:          BY: JAMES TSUEI, ATTORNEY
                                    AT LAW 12424 WILSHIRE
11                                  BOULEVARD 12TH FLOOR LOS
                                    ANGELES, CALIFORNIA 90025
12
                                    MORRIS MANNING & MARTIN LLP
13                                  BY: LAWRENCE KUNIN,
                                    ATTORNEY AT LAW 3343
14                                  PEACHTREE ROAD NE SUITE
                                    1600 ATLANTA, GEORGIA 30326
15
```

```
 1         LOS ANGELES, CALIFORNIA; MONDAY, FEBRUARY 10, 2020; 1145
 2                              ---
 3
 4              THE CLERK:  Calling Item 3, CV18-05934, Ox Labs,
 5    Inc, vs. Bitpay, Inc., et al.
 6              MR. LEIDER:  Philip Leider for plaintiff Ox Labs.
 7              MR. KUNIN:  Your Honor, this is Lawrence Kunin on
 8    behalf of defendant Bitpay.  Also is James, introduce
 9    yourself.
10              MR. TSUEI:  James Tsuei, Your Honor, for defendant
11    Bitpay.
12              THE COURT:  Good morning, Counsel.  This is a
13    telephonic status conference, obviously.  However, I am on
14    the bench.  The court reporter is making a record, and
15    pursuant to the First Amendment, the courtroom is open to the
16    public.  In fact, no one is here but my staff.
17              The reason I wanted to have this conference was to
18    get your thoughts in light of my last order.  As a technical
19    matter, there could still be a trial on, if nothing else, the
20    precise nature of the damages such as they are on the
21    conversion claims, since that was established as a matter of
22    law.  It would seem to me preferable that the parties not do
23    that, but that would be your right.  If I thought that it --
24    the issues were that clear-cut, I would have just simply said
25    as much and entered judgment.
```

```
 1              So, I guess, really it's I -- I should be
 2   addressing this first to Ox Labs.  Have you and opposing
 3   counsel had the opportunity to think about or consult with
 4   your client as to where we go from here, if anywhere.  If the
 5   answer is we can't believe how wrong you were in that last
 6   order, and you want to get to the Ninth Circuit as soon as
 7   possible, I will understand that.  I will enter judgment as
 8   soon as I can.  I need to know what it is that you believe is
 9   left for your client at this point.
10              MR. LEIDER:  Your Honor, I have discussed it with
11   my client.  I've also discussed it with the other side.  Our
12   belief is that the amount -- the difference in amount for
13   that brief period of time that Your Honor has held that the
14   bitcoins might have been sold is immaterial --
15              THE COURT:  Right.
16              MR. LEIDER:  -- and that we would like to take an
17   appeal to the Ninth Circuit of the ruling.
18              THE COURT:  Given how new the law is here and how
19   much I had to wrestle with it, I'm not surprised.  In fact,
20   regardless of what the ruling is, I have no doubt many other
21   district judges will welcome the guidance that we will get.
22              Is there anything from Bitpay then?
23              MR. KUNIN:  Your Honor, there's not.  I've also
24   spoken it over with my client.  I agree with Mr. Leider that
25   the differential in price is not that significant between
```

1  July 10th and 14th.  So, you know, however they would like to
2  proceed --
3          THE COURT:  That's the next question.
4          MR. KUNIN:  With regard to --
5          THE COURT:  I'm sorry, Mr. Kunin.
6  Should the judgment be then for the amount that was
7  tendered?  Should it be -- in that case, I'm not going to
8  award costs here to Ox Labs, because obviously, Bitpay has
9  been willing to pay that amount.  So it's really just purely
10 a matter of form that I should dismiss the case as moot in
11 that case, because we all know that Bitpay has always been
12 ready, willing, and able to pay the amount?  Should I wait a
13 few days so there can be a new check?  I'd like the guidance
14 of counsel so when it does go up to the Circuit, the Circuit
15 can focus on the real issues here and not some, you know,
16 procedural mistake that I might have made not knowing what
17 the parties believed to be the proper form of the judgment to
18 be.
19         MR. LEIDER:  So this is Mr. Leider for Ox Labs.  I
20 don't believe the case is moot.  First of all, the tender did
21 not include interest.  That's undisputed.  The statute
22 clearly calls for interest on the date of conversion.  So if
23 we were going to try the case, there's still an issue of the
24 date of conversion, and whatever date you choose, the
25 factfinder finds that there will be interest from that date

1   forward to the entry of judgment.  So the tendered amount
2   doesn't include interest.
3              THE COURT:  Mr. Kunin.
4              MR. KUNIN:  The reason or one of the main reasons
5   for the tender in the first place is to cut off interest.
6   And so it certainly wouldn't hold up.  We wouldn't have a
7   trial over interest that occurred from the date of the error
8   until the date of tender.  Our position is that there
9   shouldn't be interest after that date.  That is part of what
10  we briefed.  By making that tender, we could essentially cut
11  it off.  It wasn't our fault they didn't take the money.
12  Interest occurs on something that we had already tendered to
13  them.
14             You know, it's one of those things where if
15  Your Honor wants to enter some kind of judgment, I'm sure we
16  could work out what a number would be that goes in there.
17  Certainly, the check that we tendered is probably no good
18  anymore.  I think checks are no good after like 18 months.
19  We would have to reissue that.
20             THE COURT:  All right. Excuse me, Mr. Kunin, for
21  speaking over you.  I'm going to set a date for after the
22  holiday, the Tuesday the 18th.  And on Tuesday, the 18th, the
23  parties will submit a document to me.  They will either say
24  this is the form of judgment that we believe is appropriate,
25  and you can agree on that.  If there is some remaining thing,

1  whatever it is in the case that prevents me in the view of
2  one or the other of the parties or both from entering
3  judgment, you will say what that is and you will say how you
4  propose it be dealt with.  Like you issue another order, we
5  do this.  Whatever it is.  So I'll give you no more than five
6  pages on both sides.  You will -- the defendant will get its
7  five pages to the plaintiff.  The plaintiff will have the
8  obligation of assembling the document and getting it filed
9  through Pacer no later than the end of day of the 18th.
10             Of course, the reason I'm giving you this timeline
11 is because I would love for the two of you to agree on the
12 form of judgment.  So like I said, it's silly to force the
13 Circuit to focus on something that is not so important that
14 could be avoided when there's plenty of things here for the
15 Circuit to actually grapple with.  You have my best wishes in
16 trying to agree on the form of judgment between now and the
17 18th.  If you don't, tell me what the disagreement is and how
18 you want me to resolve it.  I will read that and I will let
19 you know.
20             Any questions Mr. Leider.
21             MR. LEIDER:  No, Your Honor, thank you.
22             THE COURT:  Any questions, Mr. Kunin?
23             MR. KUNIN:  No, Your Honor.
24             THE COURT:  Thank you, Counsel.  Good luck with
25 this.  Obviously, I've said this to you before, but it never

```
1    hurts to say it again.  The briefs were very, very good in
2    this case.  To the extent at times I was a little frustrated,
3    I -- that came through, it was really more being frustrated
4    with the lack of guidance under California law not
5    frustration with the zeal with which you represented your
6    clients.  Thank you.
7              MR. LEIDER:  Appreciate it.
8              THE CLERK:  This concludes the hearing.
9              (Proceedings concluded at 11:55 a.m.)
```

CERTIFICATE

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS IN THE ABOVE MATTER.

FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

/s/ Miriam V. Baird                05/04/2020

MIRIAM V. BAIRD                                DATE
OFFICIAL REPORTER